IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LISA BRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02739-DDD |
| ) | |
| OCWEN FEDERAL BANK, FSB, ) | |
| OCWEN FEDERAL LOAN SERVICING ) | |
| COMPANY, OCWEN FINANCIAL ) | Judge David D. Dowd, Jr. |
| CORPORATION, OCWEN LOAN ) | |
| SERVICING, LLC, AAMES CAPITAL ) | |
| CORPORATION, FIRSTAR BANK, n/k/a ) | |
| US BANCORP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT OCWEN LOAN SERVICING, LLC, FOR ITSELF AND AS SUCCESSOR IN INTEREST TO DEFENDANT OCWEN FEDERAL BANK, FSB

For itself and as successor-in-interest to Defendant Ocwen Federal Bank, FSB, Defendant Ocwen Loan Servicing, LLC ("OLS"), hereby answers Plaintiff's Complaint as follows.

1. OLS denies the truth of the allegations in ¶1 to the extent they are intended to be directed at OLS.

2. OLS denies for lack of knowledge the allegations in ¶2.

3. OLS denies the allegations in ¶3 regarding alleged violations of law. OLS is without sufficient knowledge or information regarding the truth of the remaining allegations and therefore denies same.

4. OLS denies for lack of knowledge the allegations in ¶4.

5. OLS denies the allegations in ¶5. Further answering, OLS states that it is the servicer of Plaintiff's loan. OLS further states that Defendant Ocwen Financial Corporation is

not the owner or servicer of Plaintiff's loan and that Defendant Ocwen Federal Loan Servicing Company does not exist. OLS further states that the actual assignee owner of Plaintiff's loan is Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 and that an assignment is being filed of record to evidence such ownership.

6. With respect to the allegations in ¶6, denies that it is the owner any consumer loan made to Plaintiff. OLS denies for lack of knowledge the remaining allegations in ¶6.

7. OLS denies the allegations in ¶7 to the extent they are intended to be directed at OLS. OLS otherwise denies for lack of knowledge the allegations in ¶7.

8. OLS denies the allegations in ¶8 to the extent they are intended to be directed at OLS. OLS otherwise denies for lack of knowledge the allegations in ¶8.

9. No allegation is made in ¶9 and therefore no response is required.

10. With respect to the allegations in ¶10, OLS admits that Ocwen Financial Corporation is a Florida corporation headquartered in Florida, with no contacts with the State of Ohio that would subject it to jurisdiction in this Court.

11. With respect to the a allegations in ¶11, OLS admits that Ocwen Financial is the sole member of OLS. OLS denies the truth of the remaining allegations in ¶11 and incorporates its affirmative statements in response to ¶5.

12. With respect to the allegations in ¶12, OLS admits that it services residential and commercial mortgage loans. OLS denies for lack of knowledge the remaining allegations in ¶12.

13. With respect to the allegations in ¶13, OLS admits that it services residential mortgage loans. OLS denies for lack of knowledge the remaining allegations in ¶13.

14. OLS denies for lack of knowledge the allegations in ¶14.

15. With respect to the allegation in ¶15, OLS admits that it services loans secured by real property within the boundaries of this Court's jurisdiction. OLS denies for lack of knowledge the remaining allegations in ¶15.

16. With respect to the allegation in ¶16, OLS admits that it services loans secured by real property within the boundaries of this Court's jurisdiction. OLS denies for lack of knowledge the remaining allegations in ¶16.

17. OLS denies the truth of the allegations in ¶17 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶17.

18. The statements in ¶18 do not appear to make any allegations against OLS, and therefore no response is required. To the extent the statements are intended to make some allegation against OLS, OLS denies such allegations for lack of knowledge.

19. The statements in ¶19 do not appear to make any allegations against OLS, and therefore no response is required. To the extent the statements are intended to make some allegation against OLS, OLS denies such allegations for lack of knowledge.

20. OLS denies the allegations in ¶20 as to OLS, which services rather than originates loans. OLS denies for lack of knowledge the remaining allegations in ¶20.

21. OLS denies the truth of the allegations in ¶21 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶21.

22. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶22 and therefore denies same.

23. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶23 and therefore denies same.

24. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶24 and therefore denies same.

25. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶25 and therefore denies same.

26. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶26 and therefore denies same.

27. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶27 and therefore denies same.

28. OLS denies the allegations in ¶28 to the extent such allegations are directed to OLS. OLS otherwise denies for lack of knowledge the remaining allegations in ¶28.

29. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶29 and therefore denies same.

30. OLS is without sufficient knowledge or information regarding the truth of the allegations in ¶30 and therefore denies same.

31. With respect to the allegations in ¶31, OLS admits that it received correspondence from Plaintiff in or around May 2002. OLS denies for lack of knowledge the remaining allegations in ¶31. Further answering, OLS states that it responded to Plaintiff's communication on May 23, 2002 and communicated with Plaintiff and with Aames to attempt to resolve the dispute between Plaintiff and Aames.

32. With respect to the allegations in ¶32, OLS denies that it received either check. OLS further states that Plaintiff admits that both checks went to prior servicer. OLS communicated with Aames and Plaintiff to determine that Aames had only received one check.

4

OLS is without sufficient knowledge or information regarding the truth of the remaining vague allegations in ¶32 and therefore denies same.

33. To the extent the allegations in ¶33 are directed to OLS, OLS denies such allegations. OLS is without sufficient knowledge or information regarding the truth of the remaining allegations in ¶33 and therefore denies same.

34. OLS denies the allegations in ¶34.

35. With respect to the allegations in ¶35, OLS admits that Plaintiff has been assessed some late fees for late payments. OLS denies the remaining factual allegations and legal conclusions in ¶35.

36. With respect to the allegations in ¶36, OLS admits that it has placed some telephone calls to Plaintiff regarding various issues related to Plaintiff's loan. OLS denies the remaining allegations in ¶36.

37. With respect to the allegations in ¶37, OLS admits that it has reported accurate credit information to bureaus at regular intervals. OLS denies the remaining factual allegations and legal conclusions in ¶37.

38. With respect to the allegations in ¶37, OLS admits that Plaintiff has been assessed some late fees for late payments. OLS denies the remaining factual allegations and legal conclusions in ¶38.

**FIRST CLAIM FOR RELIEF – FAIR DEBT COLLECTION PRACTICES ACT**

39. OLS incorporates its response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

40. The statements in ¶40 are legal conclusions to which no response is required. To the extent the statements can be construed as factual allegations against OLS, OLS denies same.

41. OLS denies the allegations in ¶41 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶41.

42. OLS denies the truth of the allegations in ¶42 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶42.

43. OLS denies the truth of the allegations in ¶43 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶43.

44. OLS denies the truth of the allegations in ¶44 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶44.

45. OLS denies the truth of the allegations in ¶45 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶45.

**SECOND CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT**

46. OLS incorporates it response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

47. OLS denies the truth of the allegations in ¶47 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶47.

48. OLS denies the truth of the allegations in ¶48 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶48.

49. OLS denies the truth of the allegations in ¶49 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶49.

50. OLS denies the truth of the allegations in ¶50 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶50.

## THIRD CLAIM FOR RELIEF –
## TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT

51. OLS incorporates its response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

52. OLS denies the truth of the allegations in ¶52 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶52.

53. OLS denies the truth of the allegations in ¶53 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶53.

**FOURTH CLAIM FOR RELIEF – REAL ESTATE SETTLEMENT PROCEDURES ACT**

54. OLS incorporates its response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

55. OLS denies the truth of the allegations in ¶55 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶55.

56. OLS denies the truth of the allegations in ¶56 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶56.

57. OLS denies the truth of the allegations in ¶57 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶57.

58. OLS denies the truth of the allegations in ¶58 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶58.

59. OLS denies the truth of the allegations in ¶59 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶59.

60. OLS denies the truth of the allegations in ¶60 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶60.

## FIFTH CLAIM FOR RELIEF –
## TRUTH IN LENDING – HOMEOWNER EQUITY PROTECTION ACT

61. OLS incorporates its response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

62. OLS denies the factual allegations and legal conclusions in ¶62 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶62.

63. OLS denies the factual allegations and legal conclusions in ¶63 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶63.

64. OLS denies the factual allegations and legal conclusions in ¶64 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶64.

65. OLS denies the factual allegations and legal conclusions in ¶65 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶65.

66. OLS denies the factual allegations and legal conclusions in ¶66 as to OLS. OLS denies for lack of knowledge the remaining allegations in ¶66.

## SIXTH CLAIM FOR RELIEF –
## CLAIM AGAINST FIRSTAR BANK n/k/a US BANCORP

67. OLS incorporates its response to each referenced paragraph of Plaintiff's Complaint as if fully set forth here.

68. The allegations in ¶68 are expressly directed at another party and thus no response is required of OLS. To the extent a response is required, OLS denies for lack of knowledge the allegations in ¶68.

69. The allegations in ¶69 are expressly directed at another party and thus no response is required of OLS. To the extent a response is required, OLS denies for lack of knowledge the allegations in ¶69.

70. The allegations in ¶70 are expressly directed at another party and thus no response is required of OLS. To the extent a response is required, OLS denies for lack of knowledge the allegations in ¶70.

## AFFIRMATIVE DEFENSES

71. OLS denies each and every allegation in Plaintiff's Complaint not specifically admitted in this Answer.

72. Plaintiff fails to state a claim upon which relief can be granted.

73. OLS is not the proper party in interest for some of Plaintiff's claims and does not hold an interest in Plaintiff's mortgage.

74. Plaintiff's claims are, at least in part, barred by the applicable statutes of limitation.

75. Plaintiff's damages, which are specifically denied, are not of the nature or to the extent alleged, and are the result of her own negligence of the acts of other parties.

76. Plaintiff's claims are barred, at least in part, by the doctrine of holder in due course.

77. Plaintiff has failed to mitigate or minimize her damages, if any.

78. Plaintiff's claims fail as all required disclosures were made.

79. Plaintiff's claims are barred by the doctrine(s) of laches, unclean hands, waiver, and estoppel.

80. OLS is not a debt collector.

81. OLS denies that all conditions precedent to a right of recovery have been satisfied.

82. As the servicer of the subject loan, OLS is not a "creditor" under the statute and has the defenses of a servicer described in 15 U.S.C. §§ 1640(b) and (c) and §§ 1641 (a), (b), (d), (e) and (f).

83. OLS reserves the right to amend its Answer and to assert any affirmative defenses which come to light during the course of and after the completion of discovery.

WHEREFORE, for all of the above reasons, OLS prays this Court enter an Order dismissing Plaintiff's Complaint against OLS on all counts and causes of action asserted, including all prayers for relief therein, for its costs and attorney's fees incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

s/ Martha S. Van Hoy
Charles E. Ticknor, III (0042559)
Martha S. Van Hoy (0078502)
**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**
191 West Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel: (614) 221-8448
Fax: (614) 221-8590
E-Mail: cticknor@bdblaw.com
        mvanhoy@bdblaw.com
*Attorneys for Ocwen Loan Servicing, LLC*

### CERTIFICATE OF SERVICE

Service has been made upon all counsel of record via electronic filing through the Court's ECF system on the 19th day of October, 2007.

/s/ Martha S. Van Hoy

«CO2:393671_v2»