IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LISA BRIDGE**, | Case No. 1:07-cv-02739-DDD |
| Plaintiff, | |
| vs. | JUDGE DAVID D. DOWD, JR. |
| **OCWEN FEDERAL BANK FSB, et al.,** | |
| Defendants. | Magistrate Judge Gallas |

**MEMORANDUM IN OPPOSITION OF DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY AND OCWEN LOAN SERVICING, LLC TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND DISMISS AAMES**

Defendants Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 ("Deutsche Bank") and Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, FSB ("Ocwen"), hereby respond as follows in partial opposition to Plaintiff's motion to dismiss Defendant Aames Capital Corporation as a party to this lawsuit without prejudice and to Plaintiff's motion to file a Second Amended Complaint.

Deutsche Bank and Ocwen do not necessarily contest Plaintiff's husband joining this lawsuit. His alleged claims, to the extent they can be understood from his Motion to Intervene, appear to be based on the same general allegations that underlie Plaintiff's prior Complaints in this litigation. Certainly, to date, Mr. Bridge has been the *de facto* representative for Plaintiff—even appearing at the last court-order conference without Mrs. Bridge—and Mrs. Bridge's correspondence during unrepresented portions of this litigation has been to request that parties call Mr. Bridge regarding relevant matters.

The proposed Second Amended Complaint ("Proposed Complaint") put forth by Plaintiff and Mr. Bridge, however, is objectionable for several reasons. First, in light of Plaintiff's unsupported and unexplained Motion to Dismiss Aames without prejudice, the Proposed Complaint fails to join indispensible parties—namely Aames and US Bank/Firstar. The Proposed Complaint repeats the same allegations as the prior Complaints regarding the mortgage payments Plaintiff claims to have made to Aames in 2002. It is clear that the payment dispute between Plaintiff, Aames, and US Bank predates any involvement by Deutsche Bank and Ocwen, such that if Plaintiff were permitted to proceed with the Proposed Complaint, Deutsche Bank and Ocwen would have no choice but to either file a motion to dismiss for failure to join indispensible parties, or to join Aames and US Bank as third parties, further delaying and complicating this litigation. As evidence of the indispensible nature of Aames, one need look no further than the proposed Complaint, which is replete with references to the alleged conduct of Aames for which Ocwen should be held liable as successor—a factually incorrect and unsupported allegation put forth by Plaintiff's prior counsel, which current parties and counsel now know is incorrect, as Ocwen is the servicer of the loan and not an assignee holder. Even worse, in what appears to be the sole basis for Plaintiff's allegation of liability for Deutsche Bank, Plaintiff and Mr. Bridge both propose that Deutsche Bank be held "liable jointly and severally for the actions and conduct of Aames as alleged in Count Three of the First Amended Complaint." *See* Proposed Complaint, ¶¶151 and 152.

Second, the supposed basis for the Proposed Complaint is so that Mr. Bridge can be added as a party in order to put forth claims under the Telephone Consumer Protection Act, the Telemarketing Consumer Fraud and Abuse Prevention Act, and loss of consortium claims. *See* Mr. Bridge's motion to intervene and memorandum in support, p. 4. Noticeably, however, the

Proposed Complaint is vague on exactly which claims Mr. Bridge is asserting. The Proposed Complaint purports to add him to claims such as those under the federal Truth in Lending Act and other statues pertaining to origination of the loan, despite the fact that Mr. Bridge has frequently stated that the loan was taken out by Mrs. Bridge only. Thus, the proposed Complaint is not even consistent with the motion requesting it, and would require Deutsche Bank and Ocwen to file, at minimum, a motion for more definite statement.

Third, a motion for more definite statement will be required for other reasons if the Proposed Complaint is permitted. Plaintiff and Mr. Bridge both fail to identify each count they allege against each party. Instead, the Proposed Complaint simply sets forth a single "count" for each named defendant, which then repeats many of the same allegations and statutory references for each party. The Proposed Complaint is entirely unclear on exactly what causes of action are being alleged.

Finally, no effort was made in the Proposed Complaint to weed out time-barred and other defective claims, which will require Deutsche Bank and Ocwen to re-file the motions to dismiss they previously filed (which this Court denied without prejudice to permit a conference aimed at solving the payment dispute to go forward). The Court noted that the motions could be re-filed and the Proposed Complaint would necessitate that Defendants do so. In other words, the Proposed Complaint is futile. In their Motion for Leave to Amend the Complaint, Plaintiff and Mr. Bridge acknowledge that futility of the amendment and failure to cure deficiencies in prior amendments are reasons to deny leave to amend. Notably, Deutsche Bank and Ocwen do not seek to prohibit Plaintiff and her husband from amending the Complaint, but requests only that they be required to file an amended complaint that will not necessitate a motion for more definite

statement and a motion to dismiss on grounds already known to the parties and previously briefed to the Court.

The Proposed Complaint is defective and not even consistent with the motion seeking permission to file it.  For the reasons discussed herein and in Deutsche Bank and Ocwen's prior motions to dismiss, this Court should issue an Order denying the motion to dismiss Aames.  The Court should grant the motion to intervene by Mr. Bridge, but deny the Proposed Complaint and giving Plaintiff and her husband 15 days to submit a Second Amended Complaint that complies with the procedural requirements of this Court by separating each proposed cause of action into a separate count and that removes time-barred and defective claims as detailed in Deutsche Bank and Ocwen's prior motions to dismiss.

Respectfully submitted,

/s/ Martha S. Van Hoy_____
Charles E. Ticknor, III (0042559) (Trial Attorney)
Martha S. Van Hoy      (0078502)
DINSMORE & SHOHL, LLP
191 W. Nationwide Boulevard, Suite 300
Columbus, Ohio 43215
Phone: (614) 221-8448
Fax:    (614) 221-8495
Email: cticknor@dinslaw.com
            mvanhoy@dinslaw.com
*Attorneys for Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1, and Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, FSB*

## **CERTIFICATE OF SERVICE**

Service has been made upon all counsel of record via electronic filing through the Court's ECF system on the 1st day of October, 2008.

/s/ Martha S. Van Hoy

40241v1