**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LISA BRIDGE,** : | **CASE NO.: 1:07-CV-02739** |
|   Plaintiff, : | |
| ~ vs ~ : | **JUDGE DAVID D. DOWD, JR.** |
| **OCWEN FEDERAL BANK, FSB., et al.,** : | **PLAINTIFF LISA BRIDGE'S AND INTERVENING PLAINTIFF WILLIAM BRIDGE'S OPPOSITION TO OCWEN'S MEMORANDUM IN OPPOSITION (DOCUMENT 69)** |
|   Defendants. : | |

**NOW COMES** the Plaintiff Lisa Bridge[1] and for their Opposition to OCWEN's Memorandum and Opposition of Defendants Deutsche Bank National Trust Company and OCWEN Loan Servicing, LLC to Plaintiff's Motion to File Second Amended Complaint and Dismiss Aames (Document 69) states as follows:

   1.  **THE 41(a)(1)(i) DISMISSAL.**

OCWEN has no standing to contest Lisa Bridge's Voluntary Dismissal of Aames. This litigation was commenced on September 11, 2007, and while OCWEN could have sought contribution and/or indemnity from Aames, OCWEN chose not to pursue any claims against Aames. Therefore, OCWEN has no standing to contest Lisa Bridge's 41(a)(1)(i) Dismissal of Aames.

---

[1] And William Bridge, in so far as he has standing by virtue of his Motion to Intervene to File a Second Amended Complaint [F.R.Civ.P. 24 and 15] (Document No. 65).

## 2.     **WILLIAM BRIDGE'S MOTION TO INTERVENE TO FILE A SECOND AMENDED COMPLAINT [F.R.CIV.P. 24 AND 15] (DOCUMENT NO. 65).**

William Bridge's Motion to Intervene (Document 65) was filed **before** Lisa Bridge agreed to dismiss Aames without prejudice pursuant to F.R.Civ.P. 41(a)(1)(i).  Mr. Bridge's Second Amended Intervener's Complaint is a mirror image of Mrs. Bridge's First Amended Complaint, with the exception of reference to FirstStar Bank, which Mrs. Bridge's former counsel settled with, and dismissed.  Mr. Bridge is proceeding primarily on his Telephone Consumer Protection Act ("TCPA") claims; and, his Fair Debt Collection Practices Act ("FDCPA") and Ohio Consumer Protection Act ("OCPAC") claims both of which arise to Mr. Bridge from OCWEN's TCPA violations.

OCWEN's suggestion of a Motion for More Definite Statement therefore makes no sense, as OCWEN has not asserted an F.R.Civ.P. 12(e) defense to Mrs. Bridge's First Amended Complaint - basically the exact same pleading as Mr. Bridge's Second Amended Intervener's Complaint (proposed at Document 65).

Indeed, in Document 69, OCWEN conspicuously states:

> "Deutsche Bank and OCWEN do not necessarily contest Plaintiff's husband joining this lawsuit."  (Document 69, p. 1).

In so far as OCWEN's Memorandum and Opposition (Document 69) seeks to oppose Mr. Bridge's Motion to Intervene, this Court should find that OCWEN's Opposition is procedurally and substantively deficient, as it neither references the relevant Civil Rules (Federal Civil Rule 15 and 24) or the case law relied upon by Mr. Bridge.

3. It is for these reasons that OCWEN's Memorandum In Opposition (Document 69) should be denied in all respects.

***WHEREFORE***, for all of the foregoing reasons, it is respectfully requested that OCWEN's Memorandum and Opposition of Defendants Deutsche Bank National Trust Company and OCWEN Loan Servicing, LLC to Plaintiff's Motion to File Second Amended Complaint and Dismiss Aames (Document 69) be denied in all respects.

Respectfully submitted,

/s/ Mitchell J. Yelsky
**YELSKY & LONARDO**
**BY: MITCHELL J. YELSKY**
Ohio Reg. No. 0039295
75 Public Square, Suite 800
Cleveland, Ohio 44113
(216) 781-2550 - Telephone
(216) 781-6688 - Facsimile
MJY@yelskylonardo.com - Email

Counsel for **PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically, on the 3rd day of October, 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Mitchell J. Yelsky
**MITCHELL J. YELSKY**