DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lisa Bridge, ) | |
| ) | CASE NO. 1:07 CV 2739 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Ocwen Federal Bank, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I. INTRODUCTION

This case arises from Lisa Bridge's claim that defendants failed to properly credit a mortgage payment on her home, which resulted in a variety of alleged statutory violations, including the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA), the Telephone Consumer Protection Act, 47 U.S.C § 227 (TCPA), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, *et seq.* (TCFAPA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607 *et seq.* (RESPA), and the Truth in Lending - Homeowner Equity Protection Act, 15 U.S.C. §§ 2301 *et seq.* (TILA).  Based on the parties' expressed interest in settlement, the Court referred this case to United States Magistrate Judge Pearson to conduct a settlement conference. *See* ECF 66.

Despite the efforts of Magistrate Judge Pearson and the parties, however, this matter remains unresolved.  Consequently, Magistrate Judge Pearson has issued a Report and Recommendation that the Court's referral be terminated.  ECF 78.  No objections were filed to

(1:07 CV 2739)

the Report and Recommendation. Accordingly, the Court adopts the Report and Recommendation and the referral in this matter is hereby terminated.

## II. PENDING MOTIONS

Certain motions were pending during the referral. The Court held in abeyance ruling on those motions in deference to the settlement discussions. However, the case has not settled and the referral has been terminated, therefore the Court will now rule.

Presently before the Court is William Bridge's motion to intervene and for leave to file a second amended complaint (ECF 65). Also pending is plaintiff's motion to dismiss Aames Capital Corporation without prejudice (ECF 64) and plaintiff's notice of dismissal of Aames Capital Corporation without prejudice (ECF 68).[1] Defendant Ocwen and Deutsche Bank opposed both motions in part (ECF 69), and plaintiff replied (ECF 70).

A. <u>William Bridge's Motion to Intervene and File a Second Amended Complaint</u>

William Bridge's moves to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure on the grounds that his claims were, "for reasons unknown," not asserted by plaintiff's former counsel and that his intervention will not prejudice the defendants. Mr. Bridge is the spouse of plaintiff, Lisa Bridge. Deutsche Bank and Ocwen "do not necessarily contest" the addition of Mr. Bridge to the lawsuit because his claims are based on the same allegations underlying plaintiff's complaint and because Mr. Bridge has been Mrs. Bridge's *de facto* representative throughout the course of this litigation.

---

[1] Plaintiff's notice of dismissal is reflected on the docket as a motion.

2

(1:07 CV 2739)

With respect to the Rule 15 motion for leave to file a second amended complaint, defendants "do not seek to prohibit Plaintiff and her husband from amending the Complaint." However, defendants object to the proposed second amended complaint attached as an exhibit to the motion on the grounds that it fails to join indispensable parties (Aames and US Bank/Firstar), is vague and would require a motion for a more definite statement, and includes time-barred and other "defective" claims.

Defendants do not object in principle to Mr. Bridge's intervention in this lawsuit or to the filing of an amended complaint. Further, intervention and amendment will not prejudice the defendants. Accordingly, William Bridge's motion to intervene is granted, and the Court grants leave to file a second amended complaint.

The proposed second amended complaint attached to the motion to amend will not be automatically filed by the Clerk even though the Court has granted leave to amend, and the Court's leave to amend does not require plaintiffs to file the proposed second amended complaint. The Court has made a preliminary examination of the proposed second amended complaint and makes the following observations. The proposed second amended complaint generically uses the word "plaintiff" without specifying either Lisa Bridge or William Bridge. The second amended complaint that is filed should not generically refer to "plaintiff," but should specifically refer to Lisa Bridge or William Bridge. Further, the second amended complaint should set out each claim for each plaintiff against each defendant in separate counts. Each count should separately set forth the facts that support each claim with appropriate dates, and indicate whether the claim is supported by federal jurisdiction or is a state pendent action. No

(1:07 CV 2739)

count should incorporate prior factual allegations by reference or incorporate prior counts by reference. If the second amended complaint that is filed does not reflect these parameters, the Court may order plaintiffs to file yet another amended complaint and/or entertain a motion by defendants for a more definite statement.

The second amended complaint should be filed by April 24, 2009. Defendants' answers should be filed by May 15, 2009. The answers should not contain "boiler-plate" defenses, but reference the specific claim to which each defense applies.

B.    Plaintiff's Motion to Dismiss Aames without Prejudice

Having granted the motion for leave to file a second amended complaint, the Court makes the observation that any ruling by the Court on the motion to dismiss Aames will be rendered irrelevant by the filing of the second amended complaint. Defendants have objected to the proposed second amended complaint on the grounds that the exclusion of Aames and Firstar will inevitably result in a motion to join Aames and Firstar as third parties, or a motion to dismiss for failure to join indispensable parties.

However, those motions are not now before the Court and plaintiffs are not under an order to include any particular defendant in their second amended complaint. Any ruling by the Court on the motion to dismiss Aames would apply to the defendants named in the first amended complaint, but not control the defendants named by plaintiffs in the second amended complaint. Whether the Court grants or denies the motion to dismiss Aames, plaintiffs may or may not name Aames as a defendant in the second amended complaint. Accordingly, a ruling by the Court on the motion to dismiss Aames is unnecessary, and perhaps inappropriate under the circumstances,

(1:07 CV 2739)

given the defendants' anticipated motions if Aames is not named in the second amended complaint. Accordingly, the Court declines to rule on the dismissal of Aames, and the Clerk is directed to terminate those motions (ECF 64 and 68) for record purposes only.

### III.  CONCLUSION

For the reasons contained herein, the Court's referral to Magistrate Judge Pearson is hereby terminated. Further, William Bridge's motion to intervene and for leave to file a second amended complaint (ECF 65) is GRANTED. The Court declines to rule on the dismissal of Aames, and the Clerk is directed to terminate ECF 64 and 68 for record purposes only.

Discovery is open and shall be concluded by July 17, 2009. The Court will conduct a status conference at 12:00 noon on August 4, 2009. Counsel are required to attend and bring their calendars for the purpose of establishing a trial date at that time.

IT IS SO ORDERED.

|  |  |
|---|---|
| April 13, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |