# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LISA BRIDGE, et al.**, | Case No. 1:07-cv-02739 |
| Plaintiffs, | |
| vs. | JUDGE DAVID D. DOWD, JR. |
| **OCWEN FEDERAL BANK FSB, et al.**, | Magistrate Judge Gallas |
| Defendants. | |
| **DEUTSCHE BANK NATIONAL TRUST CO., f/k/a BANKERS TRUST COMPANY OF CALIFORNIA,** | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| **GEAUGA COUNTY TREASURER,**<br>211 Main Street, Room 1A<br>Chardon, Ohio 44024-1249, | |
| **CARPET ONE MENTOR, INC.**,<br>c/o Statutory Agent Larry R. Rakes<br>7164 N. Kipling Place<br>Concord Township, Ohio 44077, | |
| **MIDLAND FUNDING, LLC**,<br>8875 Aero Drive<br>San Diego, California 92123, | |
| **OHIO DEPARTMENT OF TAXATION**,<br>P.O. Box 530<br>Columbus, Ohio 43216-0530, | |
| and | |
| **INTERNAL REVENUE SERVICE**,<br>Lien Unit Advisory Group<br>550 Main Street<br>Room 3417<br>Cincinnati, Ohio 45202, | |

|  |
|---|
| Third-Party Defendants. |

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY F/K/A BANKERS TRUST COMPANY OF CALIFORNIA, N.A., AS TRUSTEE FOR AAMES MORTGAGE TRUST 2002-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-1**

Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 ("Deutsche Bank"), hereby responds as follows to Plaintiffs' Second Amended Complaint and asserts the following Counterclaims and Third-Party Complaint..

**ANSWER AS TO COUNTS II, III, IV, V, VI, VIII, and IX**

**Jurisdiction and Venue**

1. In response to the allegations in Paragraph 1, Deutsche Bank admits that Plaintiffs' Second Amended Complaint pleads causes of action based on the cited statutes, but denies that Plaintiffs' claims have any merit.

2. In response to the allegations in Paragraph 2, Deutsche Bank admits that this Court has jurisdiction over this matter

3. In response to the allegations in Paragraph 3, Deutsche Bank admits that venue is proper in this Court, but denies the remaining allegations in Paragraph 3.

**Parties**

4. Deutsche Bank denies the allegations in Paragraphs 4 and 5.

5. In response to the allegations in Paragraph 6, Deutsche Bank admits that it is the current holder of Lisa Bridge's mortgage loan, but denies the remaining allegations in Paragraph 6.

6. Deutsche Bank denies the allegations in Paragraph 7.

7. In response to the allegations in Paragraph 8, Deutsche Bank admits that Ocwen Loan Servicing, LLC, services loans secured by real property located in Ohio, such as Lisa Bridge's mortgage loan. Deutsche Bank denies the remaining allegations in Paragraph 8.

8. In response to the allegations in Paragraph 9, Deutsche Bank admits that Lisa Bridge is the title owner of the property located at 9099 Fairmount Road in Novelty, Ohio. Deutsche Bank denies for lack of knowledge the allegations concerning William Bridge. Deutsche Bank denies the remaining allegations in Paragraph 9.

## Factual Background

9. In response to the allegations in Paragraph 10, Deutsche Bank admits that Plaintiff Lisa Bridge entered into the referenced loan agreement with Aames, which was secured by the mortgage on the real property. Deutsche Bank denies for lack of knowledge the remaining allegations in Paragraph 10.

10. Deutsche Bank denies the legal conclusions and factual allegations in Paragraph 11.

11. In response to the allegations in Paragraph 12, Deutsche Bank admits that Aames informed Lisa Bridge of the transfer of servicing. Deutsche Bank denies for lack of knowledge what Plaintiffs believe concerning an assignment, sale, or transfer. Deutsche Bank denies the remaining allegations in Paragraph 12..

12. Deutsche Bank denies for lack of knowledge the allegations in Paragraphs 13, 14, and 15.

13. In response to the allegations in Paragraphs 16, 17, 18, 19, and 20, Deutsche Bank admits that Plaintiff Lisa Bridge made, and that Aames accepted and credited, one payment in April 2002. Deutsche Bank denies that Ocwen received any payments from Plaintiffs during

3

April 2002 or that it took any action with respect to Lisa Bridge's personal check. Deutsche Bank denies for lack of knowledge the remaining allegations in Paragraphs 16, 17, 18, 19, and 20.

14. In response to the allegations in Paragraphs 21, 22, 23, 24, and 25, Deutsche Bank admits that Lisa Bridge sent correspondence to Ocwen regarding the payment issue and that Ocwen investigated the matter, contacted both Aames and Lisa Bridge for information, and responded to Mrs. Bridge. Deutsche Bank further admits that it contacted Mrs. Bridge by mail and phone. Deutsche Bank denies that Lisa Bridge ever provided evidence that shows she made two payments that were received by Aames. Deutsche Bank denies the legal conclusions regarding the various correspondence. Deutsche Bank denies for lack of knowledge the remaining allegations in Paragraphs 21, 22, 23, 24, and 25.

15. In response to the allegations in Paragraph 26, Deutsche Bank admits that Plaintiff Lisa Bridge was charged a late fee when appropriate under the terms of the note and mortgage. Deutsche Bank denies the remaining allegations in Paragraph 26.

16. Deutsche Bank denies the legal conclusions and factual allegations in Paragraphs 27, 28, and 29.

17. In response to the allegations in Paragraph 30, Deutsche Bank admits that Plaintiff Lisa Bridge was charged a late fee when appropriate under the terms of the note and mortgage. Deutsche Bank denies the remaining allegations in Paragraph 30.

18. Deutsche Bank denies the legal conclusions and factual allegations in Paragraph 31.

4

### Count I

19. Deutsche Bank has filed a Motion to Dismiss Count I of Plaintiffs' Second Amended Complaint. Thus, Deutsche Bank is not required at this time to respond further to Paragraphs 32, 33, 34, 35, and 36.

### Counts II, III, IV

20. Plaintiffs' Second Amended Complaint expressly directs Counts II, III, and IV to other parties and not to Deutsche Bank, and thus Deutsche Bank is not required to respond to Paragraphs 37-59.

### Count V

21. In response to Paragraph 60, Deutsche Bank incorporates its responses to each of the relevant paragraphs incorporated by Paragraph 60.

22. The statements in Paragraphs 61 and 62 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Deutsche Bank denies the statements in Paragraphs 61 and 62.

23. The statements in Paragraph 63 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Deutsche Bank states that the statutes speak for themselves.

24. The statements in Paragraph 64 consist entirely of legal conclusions expressly directed at another party, and therefore no response is required from Deutsche Bank. To the extent a response is required, Deutsche Bank denies the statements in Paragraph 64.

25. The statements in Paragraph 65 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Deutsche Bank denies the statements in Paragraph 65.

26. Deutsche Bank denies the legal conclusions and factual allegations in Paragraphs 66, 67, and 68.

## Count VI

27. Plaintiffs' Second Amended Complaint expressly directs Count VI to other parties and not to Deutsche Bank, and thus Deutsche Bank is not required to respond to Paragraphs 69-77.

## Count VII

28. Deutsche Bank has filed a Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint. Thus, Deutsche Bank is not required at this time to respond further to Paragraphs 78-84.

## Count VIII

29. Plaintiffs' Second Amended Complaint expressly directs Count VIII to other parties and not to Deutsche Bank, and thus Deutsche Bank is not required to respond to Paragraphs 85-91.

## Count IX

30. In response to the allegations in Paragraph 92, Deutsche Bank incorporates its responses to each of the relevant paragraphs incorporated by Paragraph 92.

31. Deutsche Bank denies for lack of knowledge the allegations in Paragraph 93.

32. Deutsche Bank denies the legal conclusions and factual allegations in Paragraphs 94 and 95.

## AFFIRMATIVE DEFENSES

33. Deutsche Bank denies each and every allegation in Plaintiffs' Second Amended Complaint not specifically admitted in this partial Answer.

34. Deutsche Bank does not waive any claim or defense by voluntarily answering the Second Amended Complaint in partial form when no Answer is required at this time, and Deutsche Bank's Affirmative Defenses are listed only to the extent they are relevant to the portions of Counts V and IX that are not the basis of its pending Motion to Dismiss.

35. Plaintiffs' OSCPA claim is time-barred as to any conduct which occurred more than four years before April 24, 2009.

36. Plaintiffs' loss of consortium claims are time-barred as to any conduct which occurred beyond the applicable statute of limitations.

37. Plaintiffs' claims are barred to the extent they seek to impose liability on Deutsche Bank for the conduct of third parties, as Deutsche Bank is a holder in due course.

38. Plaintiffs' alleged damages, which are specifically denied, are not of the nature or to the extent alleged, and are the result of their own negligence of the acts of other parties.

39. Deutsche Bank is not the proper party for Plaintiffs' claims based on the conduct of Firstar or Aames.

40. Plaintiffs have failed to mitigate or minimize their damages, if any, including but not limited to defaulting on their mortgage.

41. Plaintiffs' claims are barred by laches, estoppel, and waiver, including but not limited to the extent they stem from Plaintiffs' 2002 dispute with Firstar and Aames.

42. Plaintiffs' damages, if any, are the result of other events such as Plaintiffs' business, default, and tax problems.

43. William Bridge is not a consumer under the OSCPA.

44. Deutsche Bank reserves the right to file its full Answer, and to assert any affirmative defenses, if necessary after the Court rules on its pending Motion to Dismiss.

45. Deutsche Bank reserves the right to amend its Answer and to assert any affirmative defenses which come to light during the course of and after the completion of discovery.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Deutsche Bank, for its counterclaims against Plaintiffs and for its Third-Party Complaint, states and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Deutsche Bank is a trust with its trustee's principal place of business in New York. Deutsche Bank is the current holder of a promissory note executed by Lisa Bridge and also is the assignee of the related mortgage securing real property located at 9099 Fairmount Road, Russell, Ohio, 44072 (the "Property").

2. Lisa Bridge is the title owner of the Property.

3. William Bridge is Lisa Bridge's husband.

4. Upon information and belief, the Geauga County Treasurer has an interest in this action by virtue of unpaid real estate taxes on the Property.

5. Upon information and belief, Carpet One Mentor, Inc. ("Carpet One") is an Ohio corporation with its principal place of business in Concord Township, Ohio. Carpet One has an interest in this action by virtue of two judgment liens recorded against the Property on November 4, 2005 and February 28, 2006.

6. Upon information and belief, Midland Funding LLC ("Midland Funding") is a California limited liability company. Midland Funding has an interest in this action by virtue of a judgment lien recorded against the Property on March 3, 2009.

7. The Ohio Department of Taxation has an interest in this action by virtue of three judgment liens recorded against the Property on May 1, 2009 and May 15, 2009.

8. The Internal Revenue Service has an interest in this action by virtue of a federal tax lien recorded against the Property on September 2, 2008.

9. This Court has jurisdiction over Deutsche Bank's claims pursuant to 28 U.S.C. § 1332 due to complete diversity of citizenship. The principal balance of the mortgage loan at issue exceeds $75,000, excluding interest, fees, costs, and attorney's fees

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**Facts**

11. On or about December 7, 2001, Lisa Bridge executed and delivered a promissory note (the "Note") to Aames Funding Corporation d/b/a/ Aames Home Loan ("Aames") in the principal amount of $476,000. A true and correct copy of the Note is attached as Exhibit A.

12. On the same date, as part of the transaction for the purpose of securing the Note, Lisa Bridge executed and delivered to Aames a mortgage (the "Mortgage") on the Property.

13. William Bridge also executed the Mortgage solely to release his dower interest in the Property.

14. On December 12, 2001, the Mortgage was duly recorded in the property records of Geauga County, Ohio, at Book 1432, Pages 137-147. A true and correct copy of the recorded Mortgage is attached as Exhibit B.

15. On or about May 3, 2002, the Note and Mortgage were assigned to Bankers Trust of California, N.A. in trust for the benefit of the holders of Aames Mortgage Trust 2002-1 mortgage pass through certificates, series 2002-1. A true and correct copy of the recorded assignment of mortgage is attached as Exhibit C.

9

16. On April 15, 2002, Bankers Trust Company of California, National Association was renamed to Deutsche Bank National Trust Company. A true and correct copy of the Federal Reserve System's record of this name change is attached as Exhibit D.

17. Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 is the current owner and holder of the Note and Mortgage. *See* affidavit of Gina Johnson ("Johnson Aff."), attached as Exhibit E, at ¶ 7.

18. Deutsche Bank has been the continuous owner of the Note and Mortgage since acquiring them.

19. Deutsche Bank is a holder in due course of the Note.

20. Under the terms of the Note and Mortgage, Lisa Bridge is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable late charges due under the Note.

21. Those agreements further provide that, should Lisa Bridge fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Mortgage, then the holder may enforce the Mortgage by foreclosure.

22. Lisa Bridge has defaulted on the Note by failing and refusing to pay monthly payments since October 2007.

## COUNT ONE
### (BREACH OF PROMISSORY NOTE)

23. The statements and allegations contained in Paragraphs 1 through 22 above are incorporated by reference as if fully rewritten.

24. Lisa Bridge has defaulted on the terms of the Note by failing to make the required payments according to the terms of the Note.

25. Lisa Bridge has not cured her default on the Note.

26. Deutsche Bank has elected to accelerate and demand the entire amount due on the Note, resulting in the remaining principal amount becoming immediately due and payable, along with all accrued interest, expenses, and attorney's fees as provided by the Note and Mortgage.

27. As of June 19, 2009, the balance due on the Note and Mortgage is a principal balance of $450,899.83 plus interest, late charges, and other lawful charges resulting in a total owing of $525,787.24, after allowing due credit to Lisa Bridge for all payments made. *See* Johnson Aff., at ¶ 15.

28. Deutsche Bank has been forced to hire the undersigned attorneys to enforce the Note and Mortgage, and is entitled to and does seek its reasonable attorneys' fees in this action according to the Note and Mortgage.

29. Deutsche Bank has been forced to incur costs to enforce the Note and Mortgage, and is entitled to and does seek its reasonable costs in this action according to the Note and Mortgage.

## COUNT TWO
### (FORECLOSURE OF MORTGAGE)

30. The statements and allegations contained in Paragraphs 1 through 29 above are incorporated by reference as if fully rewritten.

31. In accordance with the terms of the Mortgage, Deutsche Bank, as the current holder of the Mortgage, has a first priority interest in the Property.

32. The Mortgage is a valid and subsisting first and best mortgage lien upon the Premises and Deutsche Bank is the assignee of the Mortgage. A true and correct copy of the judicial property report is attached as Exhibit F.

11

33. By virtue of the defaults on the Note, the Mortgage has become absolute, and Deutsche Bank is entitled to have the Mortgage foreclosed, the equity of redemption forever cut-off and barred, priorities determined, the Property sold, and proceeds from the sale applied in order of the priorities.

34. The interest of third-party defendants should be extinguished and only proceeds from sale over and above the debt to Deutsche Bank paid to them.

WHEREFORE, Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 prays for the following judgment and relief:

A. In accordance with Count One, judgment against Lisa Bridge in the amount of $525,787.24, plus interest and advances after June 19, 2009, and its costs and attorneys' fees;

B. In accordance with Count Two, that any person owning or claiming to have any right, title, interest, and/or lien against the Property set forth and described in the Mortgage be required to answer, setting forth their interest, if any, in the Property, or be forever barred from asserting such interest; that the Mortgage be foreclosed, the equity of redemption of Plaintiffs be forever cut-off and barred, and that any interest of Plaintiffs or third-party defendants be extinguished; that the Property be sold with the funds disbursed to Deutsche Bank to satisfy its judgment with any remaining funds then paid to junior lienholders; and

C. Judgment that Deutsche Bank recover its costs, attorney's fees, and expenses incurred in this action, and that said costs, attorney's fees, and expenses be secured by the Mortgage and be paid from the proceeds of the sale of the Property; and

D. Judgment for any further relief this Court finds just and equitable.

        Respectfully submitted,

        /s/ Martha Van Hoy Asseff
        Charles E. Ticknor, III (0042559) (Trial Attorney)
        Martha Van Hoy Asseff (0078502)
        DINSMORE & SHOHL, LLP
        191 W. Nationwide Boulevard, Suite 300
        Columbus, Ohio 43215
        Phone: (614) 221-8448
        Fax:   (614) 221-8495
        Email: cticknor@dinslaw.com
               masseff@dinslaw.com
        *Attorneys for Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1*

## **CERTIFICATE OF SERVICE**

Service has been made upon all counsel of record via electronic filing through the Court's ECF system on the 24th day of June, 2009.

        /s/ Martha Van Hoy Asseff
        Martha Van Hoy Asseff

505038v1