DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lisa Bridge, et al., ) | |
| ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Ocwen Federal Bank, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

In their nine count Second Amended Complaint (ECF 80), plaintiffs claim that the defendants violated several federal statutes, as well as Ohio statutory and common law duties, regarding debt collection and credit reporting, following an incident in April 2002 where plaintiff Lisa Bridge was incorrectly credited with making only one home mortgage payment when she had actually made two payments. ECF 80.

Presently before the Court are two motions to dismiss certain counts of plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendant Ocwen Loan Servicing, LLC, successor-in-interest to Defendant Ocwen Federal Bank, FSB, ("Ocwen") has moved to dismiss counts I through IV and VII-VIII. ECF 98. Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A. , as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 ("Deutsche Bank") has moved to dismiss counts I and VII, as well as portions of counts V and IX that are premised upon the violations alleged in counts I and VII. ECF 99. Plaintiffs have opposed both motions (ECF 124 and 125), and defendants

(1:07 CV 2739)

have replied (ECF 126 and 127).  Because the two motions are similar and overlap in many respects, the Court will address both motions in this opinion and will also consider the case in general.

For the reasons discussed below, the Court rules as follows upon Ocwen's motion to dismiss (ECF 98), Deutsche Bank's motion to dismiss (ECF 99), and the case in general.

1. With respect to the Second Amended Complaint (ECF 80):

   a. Federal Counts I, III, and IV are dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim.

   b. Federal Count II is dismissed without prejudice for lack of subject matter jurisdiction.

   c. The pendent state law claims (Counts V through IX) are dismissed without prejudice.

2. Plaintiffs' Application to Clerk for Entry of Default against Defendant Aames Capital Corporation (ECF 121) is moot based upon the Court's dismissal of Count IV of the Second Amended Complaint.

3. As a consequence of the Court's disposition of the motions to dismiss and the remaining claims of the Second Amended Complaint, the Counterclaims and Third Party Complaint of Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 (ECF 100) are dismissed without prejudice; and the Plaintiffs' Counterclaim in Reply (ECF 120) is dismissed without prejudice.

The Court will enter final judgment accordingly.

(1:07 CV 2739)

## I. FACTUAL BACKGROUND

Following is a summary of the facts as alleged in the Second Amended Complaint (ECF 80). On or about December 7, 2001, Plaintiff Lisa Bridge ("Mrs. Bridge") entered into a loan agreement with Defendant Aames Capital Corporation ("Aames"), whereby Mrs. Bridge executed a promissory note in the approximate principal amount of $460,000.00 payable to Aames, and secured the debt by a mortgage on her real property (her home) located at 9099 Fairmount Road, Novelty, Ohio. ECF 80 (Second Amended Complaint) at ¶ 10. On or about April 15, 2002, Aames notified Mrs. Bridge that the servicing of her mortgage loan was assigned, sold or transferred to the Defendant Ocwen effective April 30, 2002. ECF 80 at ¶ 12. Mrs. Bridge was not then, nor had she ever been, in default on her mortgage loan. ECF 80 at ¶ 13.

In April 2002, due to a bank error, previously dismissed defendant Firstar Bank n/k/a US Bank, NA ("Firstar") [1] dishonored the personal check Mrs. Bridge had issued to pay the April 2002 monthly mortgage payment of $3,692.82; whereupon Mrs. Bridge, on April 8, 2002, timely issued an official check drawn on Firstar to replace the improperly dishonored personal check. Aames negotiated and presented the official check but, for reasons unknown to Mrs. Bridge, Firstar did not pay it. Aames then, by letter dated April 20, 2002, notified Mrs. Bridge that she was in default, had incurred a late fee penalty of $376.98, and would incur additional penalties

---

[1] Defendant Firstar was dismissed on February 22, 2008 by Stipulated Partial Dismissal Entry of Settlement. ECF 37.

3

(1:07 CV 2739)

and interest including loan acceleration unless the overdue April payment plus the late fee was made by May 21, 2002. ECF 80 at ¶¶ 14-16.

In response to Aames's April 20th letter, Mrs. Bridge immediately sent another official check which Firstar paid. Meanwhile, however, either Aames or Ocwen re-presented Mrs. Bridge's first check (her personal check) to Firstar which, this time around, honored the check. Thus Aames and/or Ocwen received two monthly payments for the month of April 2002. ECF 80 at ¶¶ 17-19.

Thereafter, as alleged by the plaintiffs, neither Aames nor Ocwen would acknowledge receipt of the double payment for April 2002 despite the fact that Mrs. Bridge supplied them with proof of same; and Ocwen instead began dunning both Mrs. Bridge and her husband, plaintiff William Bridge ("Mr. Bridge") even though Mr. Bridge was not obligated on the subject note.[2] Plaintiffs allege that Ocwen engaged in various types of "dunning" conduct such as collection letters and phone calls; threats of foreclosure; and derogatory credit reporting. In addition, plaintiffs allege that Ocwen, through the date of the filing of the Second Amended Complaint on April 24, 2009, has continued to charge monthly "late charges" of close to $400 each month. ECF 80 at ¶¶ 20-30.

---

[2] Mr. Bridge was not a plaintiff until the filing of the Second Amended Complaint on April 24, 2009.

4

(1:07 CV 2739)

## II.  LAW and ANALYSIS

A.	Rule 12(b)(6) Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations set forth in the complaint and must construe the complaint in the light most favorable to the plaintiff; and a well pleaded complaint may proceed even if it strikes the court that actual proof of those facts is improbable and that a recovery is very remote and unlikely. Rule 12(b)(6), Fed. R. Civ. P.  As a general rule, Rule 8(a)(2), Fed. R. Civ. P., requires only a short and plain statement showing that the pleader is entitled to relief; thus specific facts are not necessary so long as the statement gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (*citing Erickson v. Pardus,* 551 U.S. 89 (2007) and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007).  However, while the complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff is obliged to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  The factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact; and to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, meaning that it must be sufficient to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).  While this "plausibility" standard is not akin to a probability requirement, it does require more than the sheer possibility that a defendant has acted

(1:07 CV 2739)

unlawfully. *Id.* Applying the standards as set forth above, the Court will now consider the defendants' motions.

B.     The Claims and Defenses

As noted earlier, the second amended complaint contains nine counts (one of which contains two sub-parts) as follows:

**Count I:**

Count I alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA"); and it is asserted by both plaintiffs against the defendants Ocwen and Deutsche Bank. Plaintiffs allege that the violations consist of using false, deceptive and misleading representations in connection with the collection of the debt allegedly owed by Mrs. Bridge. As to Defendant Ocwen, these allegedly include: falsely representing the character, amount, or legal status of the debt; threatening to take action that cannot legally be taken; falsely representing or implying that Mrs. Bridge committed a crime or other wrongful conduct in order to disgrace her; and making continuous annoying and harassing phone calls to both plaintiffs when Mr. Bridge was not obligated to pay the debt. ECF 80 at ¶ 34.

As to both defendants Ocwen and Deutsche Bank, the alleged FDCPA violations include: making false, deceptive and misleading representations concerning Ocwen's and Deutsche Bank's standing to foreclose on the mortgage when neither Ocwen nor Deutsche Bank are in the chain of title at the Geauga County Recorder's Office; falsely representing that the debt was in default; falsely representing or implying that the debt was owing to Ocwen or Deutsche Bank as a holder in due course or assignee or transferee when in fact no assignment, sale or transfer had

6

(1:07 CV 2739)

ever been completed or recorded in the Geauga County Recorder's Office; and threatening to take action such as foreclosure that cannot be taken by Ocwen or Deutsche Bank since Deutsche Bank is not in compliance with Ohio law regarding its activities as a trustee.  ECF 80 at ¶ 35.

Both defendants, Ocwen and Deutsche Bank, have moved to dismiss Count I on the basis that the FDCPA provisions at issue apply only to debt collectors and not to creditors such as Deutsche Bank or to loan servicers such as Ocwen; and further that the statute's one-year statute of limitations bars the claim.  ECF 98 at pp. 6-7; ECF 99 at p. 6.

Plaintiffs respond that since they have alleged that neither Deutsche Bank nor Ocwen actually owns the loan in question, the defendants fall within the statute's prohibition against creditors trying to collect their own debts by using a false name to deceive the debtor into thinking that the creditor is a third-party debt collector.  Plaintiffs also respond that since they have alleged a "continuing violation" of the FDCPA up through the time of the filing of the present suit in 2007, the Count I claims are not time-barred.  ECF 124 at pp. 10-13; ECF 125 at pp. 8-10.

In reply, defendant Ocwen points out that, whether Deutsche Bank owns the loan or not, Ocwen remains a loan servicer which is not covered by the statute (ECF 127 at pp. 6-7); and Deutsche Bank notes that, although plaintiffs assert in their briefs in opposition that Deutsche Bank falls within the statute's prohibition against creditors trying to collect their own debts by using a false name, they have not pled any such type of conduct in the Second Amended Complaint.  ECF 126 at pp. 4-5.  As to the statute of limitations, defendants reply that even assuming a "continuing violation," the one-year statute would apply to bar any claims occurring

(1:07 CV 2739)

more than one year prior to the dates when each plaintiff filed his or her respective complaint (which for Lisa Bridge would bar any claims before September 11, 2006 and for William Bridge would bar any claims before April 24, 2008).  Finally, Deutsche Bank notes that, since plaintiffs in their briefs opposing the motions have referred the Court to pleadings filed after the Second Amended Complaint to support their position, [3] if the Court considers those then it can also consider the exhibits to Deutsche Bank's foreclosure counterclaim (ECF 100) which clearly establish that Deutsche Bank owns the loan in question.

Because the court is considering a motion under Rule 12(b)(6), the Court will not consider any pleadings or other matter outside the Second Amended Complaint.  Therefore the Court will not consider either ECF 100 (Deutsche Bank's foreclosure counterclaim) or ECF 120 (Plaintiffs' Reply to Counterclaim and Counterclaim in Reply).

The Court agrees with defendants' position that the relevant provisions of the FDCPA apply only to debt collectors and not to creditors collecting their own debts or to loan servicers.  As Deutsche Bank illustrates at ECF 99 at p. 6, under 15 U.S.C. § 1692a(4) and (6), the statute is directed solely to the conduct of debt collectors, not creditors, and a creditor means any person to whom a debt is owed.  Therefore, creditors are not subject to FDCPA claims (*citing, e.g., Montgomery v. Huntington Bank,* 346 F.3d 693, 698-699 (3d Cir. 2003)).  It follows, says Deutsche Bank, that since Deutsche Bank is a creditor, Deutsche Bank is not subject to FDCPA claims.

---

[3]  Plaintiffs have referred in their briefs to ECF 120 which is their pleading styled "Reply to Counterclaim and Counterclaim in Reply" filed August 3, 2009.

8

(1:07 CV 2739)

Further, as Ocwen illustrates in its brief (ECF 98 at pp. 6-7), under 15 U.S.C. § 1692a(6)(F), the statutory term "debt collector" does not include the following:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (I) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement ... or (iii) concerns a debt which was not in default at the time it was obtained by such person ...."

Ocwen says it fits both exceptions, either one of which is sufficient to establish that Ocwen is not a debt collector within the meaning of the statute. First, Ocwen states that there is no dispute that Ocwen is the servicer of the subject loan; and as such, Ocwen has a fiduciary obligation to the mortgage holder to collect the loan payments. Second, Ocwen states that when servicing transferred to Ocwen in May of 2002, according to Plaintiffs' own allegations the loan was not then in default. *See* ECF 80 (Second Amended Complaint) at ¶ 24.

The Court concludes that the Count I claims are outside the purview of the FDCPA statute. Plaintiffs have alleged that the subject loan was never properly assigned or transferred; that neither Ocwen nor Deutsche Bank is in the chain of title at the recorder's office; and that Deutsche Bank lacks standing to foreclose and is not the real party in interest for the foreclosure counterclaimant. *See* ECF 80 at ¶¶ 35 (a), © and (d). If that is true, as the Court must assume when considering a Rule 12(b)(6) motion, then it would appear as though Ocwen is not a loan servicer and Deutsche Bank is not a creditor; and such a state of affairs would presumably be a defense to Deutsche Bank's foreclosure action. But it does not, so far as the Court can understand, transform either Ocwen or Deutsche Bank into "debt collectors" under the FDCPA.

Plaintiffs, however, say it transforms them into debt collectors by virtue of 15 U.S.C. § 1692a(6) defining debt collector to include "any creditor who, in the process of collecting his

9

(1:07 CV 2739)

own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." The Court finds such provision to be irrelevant. Even under the most liberal reading of the Second Amended Complaint, there is no allegation that Deutsche Bank is a creditor collecting its own debt under a false name.

The Court will dismiss the Count I claims for failure to state a claim.

**Count II:**

Count II alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). It is asserted by both plaintiffs against Ocwen only, and it includes a demand for treble damages under the statute. The alleged violations consist of willfully and wantonly using an autodialer device to send unsolicited messages to plaintiffs on their cell phones; and continuing to do so after Mrs. Bridge demanded in writing to be placed on Ocwen's "Do Not Call" list. ECF 80 at ¶¶ 38-44.

Ocwen moves to dismiss on the basis that the alleged TCPA violations do not fall within the purview of the statute for two reasons. First, as to the alleged "Do Not Call" violation, Ocwen asserts that the section of the statute governing the "Do Not Call" requirements applies only to telemarketing calls, and that therefore plaintiffs' TCPA claim based on the "Do Not Call" argument fails as a matter of law. ECF 98 at pp. 9-10 (*citing* 47 C.F.R. § 64.1200(d)(3), (6) and (e); *Charvat v. GVN Michigan, Inc.,* 531 F. Supp. 2d 922, 926 (S.D. Ohio 2008)).

As to other portions of the statute (governing commercial calls other than telemarketing calls), Ocwen in a detailed analysis of the statute and its implementing FCC regulations, notes that the FCC created an express exemption for calls made to a party with whom the caller has an

10

(1:07 CV 2739)

established business relationship; and that such a relationship includes debt collection circumstances. ECF 98 at pp. 9-12.

Plaintiffs respond by stating that the TCPA does not apply merely to telemarketing claims; but they do not address Ocwen's detailed analysis of the interpretation of the non-telemarketing portion of the statute.

The Court finds that the "Do Not Call" portion of the statute very clearly is limited to telemarketing claims which are not at issue here. The Court has also carefully reviewed the defendants' analysis of the non-telemarketing portion of the statute and concludes that creditor-debtor calls are not within the purview of the statute. Ordinarily, the Court would therefore dismiss Count II as it relates to Mrs. Bridge. Mr. Bridge would be another matter, since he was undisputably not a debtor. However, the Court would probably dismiss at least a portion of Mr. Bridge's TCPA claims as time-barred. Since the TCPA does not contain an express limitations period, Mr. Bridge's claims fall under the federal four-year "catch-all" statute of limitations found at 28 U.S.C. § 1658. Mr. Bridge did not become a plaintiff until the Second Amended Complaint was filed on April 24, 2009. As to Mr. Bridge, therefore, the Court would probably dismiss his TCPA claims occurring prior to April 24, 2005.

However, although none of the parties has raised the issue, the Court has concluded that it lacks subject matter jurisdiction over the TCPA claims. From the Court's research, it appears that the TCPA statute is rather *sui generis* in nature. For certain non-telemarketing calls, it provides a private right of action – but only in state court. *See* 47 U.S.C. § 227(b)(3). Thus we have a federal statute without federal question jurisdiction under 28 U.S.C. § 1331. But the case

11

(1:07 CV 2739)

law for the most part seems to hold that, although there exists no federal question jurisdiction for TCPA claims, there does exist diversity jurisdiction under 28 U.S.C. § 1332.  In a case decided just this past April, the Sixth Circuit appeared (albeit in *dicta*) to go along with that view.  *See Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) ("[W]e will assume without deciding that a federal court has diversity jurisdiction over private TCPA claims under § 1332 if the requirements of the diversity statute are met. [citing cases].  We do not decide this issue, however, because we conclude that the amount-in-controversy requirement of § 1332 is not met in this case.").

In the present case, Plaintiffs have not alleged diversity jurisdiction under 28 U.S.C. § 1332.  The Court has given consideration to the fact that they have alleged jurisdiction "pursuant to 28 U.S.C. § 1367 for pendent state law claims."  ECF 80 at ¶ 2.  But TCPA is not a pendent state law claim; it is a federal claim despite the fact there is no federal question jurisdiction to hear it.  In the *Charvat* case cited above, the Sixth Circuit held that a federal court sitting in diversity is not bound by decisions of state courts interpreting the federal TCPA, since the issue is the interpretation of a federal statute.  561 F.3d at 630.

Accordingly, the Court will dismiss Count II without prejudice for lack of subject matter jurisdiction.

**Count III:**

Count III alleges violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108 ("TCFAPA").  It is asserted by both plaintiffs against Ocwen only.  The alleged violations consist of engaging in an unfair and deceptive act or

12

(1:07 CV 2739)

practice by illegally, improperly and wilfully using an automatic dialing or computer dialed telephone system with the intentional result of establishing a pattern of unsolicited phone calls which reasonable consumers including the plaintiffs would and did consider coercive or abusive to their right to privacy within the meaning of 15 U.S.C. § 6102(a)(3)(A).

Ocwen asserts that Count III should be dismissed because the TCFAPA applies only to telemarketing calls; that Ocwen's calls to plaintiffs were not alleged to be (nor were they) telemarketing calls; that in any event the claim is time-barred; and further that plaintiffs have failed to allege that they satisfied statutory requirements relating to sufficient damages of more than $50,000 and requiring notice to the FTC. Ocwen further asserts that, since the statute so clearly does not apply to the plaintiffs' allegations; and since the conduct complained of is well beyond the statute of limitations; and further since plaintiffs have made no attempt to comply with the FTC's notice requirements even after Ocwen brought this to their attention in its motion to dismiss the First Amended Complaint, the Court should exercise its discretion to award Ocwen its attorney fees for defending the TCFAPA claim under the statute's fee-shifting provisions found at 15 U.S.C. § 6104(d).

Plaintiffs respond that they "voluntarily withdraw their TCFAPA claims set forth in Count III of the Second Amended Complaint." ECF 124 at p. 13. Plaintiffs then state that, because they are withdrawing the claim, Ocwen should not be considered a "prevailing party" for purposes of awarding attorney fees. Ocwen replies that such a purported "withdrawal" within the text of a brief opposing a motion to dismiss is not an authorized method for withdrawing a claim; that plaintiffs have not filed a motion to dismiss the claim; and that since

(1:07 CV 2739)

plaintiffs have been on notice of the meritless nature of the claim throughout the course of this litigation and nonetheless included it again in the Second Amended Complaint, the Court should award fees to Ocwen for having to defend the claim in three separate motions to dismiss.  ECF 127 at pp. 3-4.

The Court will dismiss the claims set forth in Count III for failure to state a claim, but the Court finds Ocwen's request for attorney fees to be without merit and therefore denies same.

**Count IV:**

Count IV is captioned "Real Estate Settlement Procedure Act of 1974, 12 U.S.C. § 2607, et seq."  ("RESPA"), but it appears to allege violations of both RESPA and a section of another federal statute, to wit:  the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681s-2(a).  ECF 80 at ¶¶ 53-56.  Count IV is asserted by Mrs. Bridge only, against defendants Aames and Ocwen (not against Deutsche Bank).  The alleged RESPA violations consist of Ocwen's alleged failure to provide Mrs. Bridge with an initial escrow account statement within 60 days of the transfer of the loan servicing from Aames to Ocwen; and Aames's and Ocwen's alleged failure to respond timely or properly to Mrs. Bridge's May 9, 2002 "Qualified Written Request" for an accurate accounting of Mrs. Bridge's payments to Aames and Ocwen.  ECF 80 at ¶¶ 50-52.  The alleged FCRA violation appears to be that Aames and/or Ocwen allegedly violated 15 U.S.C. § 1681s-2(a) by providing false information to consumer credit reporting agencies regarding alleged overdue payments.  ECF 80 at ¶¶ 53-56.

As to the RESPA claim, Plaintiffs have conceded in their opposition brief that the claim is time-barred.  ECF 124 at p. 7.  The Court will therefore dismiss the RESPA claim set forth in

(1:07 CV 2739)

Count IV. To the extent that plaintiffs have alleged a claim under the FCRA, Ocwen asserts that the FCRA claim fails as a matter of law for two reasons. First, citing 15 U.S.C. § 1681s-2(c) and (d), Ocwen states there is no private cause of action under the section of the statute relied upon by plaintiffs, *i.e.*, 15 U.S.C. § 1681s-2(a). Second, Ocwen asserts that any claim that could conceivably exist under the FCRA is time-barred under 15 U.S.C. § 1681p which specifies the statute of limitations as the earlier of two years after discovery or five years after the violation.

In response, plaintiffs admit there is no private cause of action under 15 U.S.C. § 1681s-2(a). ECF 124 at p. 7. However, plaintiffs state there is a private cause of action under 15 U.S.C. § 1681s-2(b) which (according to plaintiffs) provides that when a furnisher of credit information receives notice of a dispute regarding the accuracy of information it has provided to a consumer credit reporting agency, such furnisher of credit information must take proper action to investigate and correct any discrepancies in the reporting. Further, plaintiffs respond that the FCRA claim is not time-barred because the alleged violations are continuing in nature up to the present day.

In reply, Ocwen notes that plaintiffs have not pled a claim under 15 U.S.C. § 1681s-2(b) (which provides a private cause of action) but have specifically pled a claim only under 15 U.S.C. § 1681s-2(a) (which does not provide a private cause of action). Ocwen further replies that even if plaintiffs *had* pled a claim under 15 U.S.C. § 1681s-2(b), as a practical matter it would still fail as a matter of law because they have not pled that they complied with the specific statutory requirement of notice to the credit bureaus. ECF 127 at pp. 4-5.

(1:07 CV 2739)

In *Alarcon v. Transunion Marketing Solutions, Inc.,*, No. 5:07 CV 0230, 2008 WL 4449387 (N.D. Ohio September 30, 2008), unreported, this Court somewhat recently addressed the issue of private rights of action under the FCRA and concluded that, while there is no private cause of action under 15 U.S.C. § 1681s-2(a) (regarding a data furnisher's violation of its duty to report truthful information to the credit reporting agencies), there is a private cause of action under 15 U.S.C. § 1681s-2(b) for a data furnisher's violation of its obligations to conduct a reasonable investigation once it has been notified, pursuant to § 1681i(a)(2), of a consumer dispute by a credit reporting agency. *See Alarcon*, 2008 WL 4449387 at \*\* 4-5 and cases cited therein especially at fn. 43. In *Alarcon*, there was no question that the plaintiff had provided sufficient notice of her dispute to the credit reporting agency as required by the statute at § 1681i(a)(1) and (2). Thus the sufficiency of the statutory notice requirements was not at issue in *Alarcon* as it is in this case. The notice required by the statute, which triggers the data furnisher's obligation to reasonably investigate the asserted dispute, consists of notice by the consumer *to the credit reporting agency* which, upon receipt of such notice, must in turn notify the data furnisher. It is not enough for the consumer to notify the data furnisher directly. 15 U.S.C. §§ 1681i(a)(1) and (2). *See, e.g. Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 783-784 (W.D. Kentucky 2003).

The Court agrees with Ocwen's position that there is no private cause of action under the section of the statute relied upon by plaintiffs, *i.e.*, 15 U.S.C. § 1681s-2(a); and that the plaintiffs have not pled a claim under 15 U.S.C. § 1681s-2(b) which does provide a private cause of action. Even if the Court assumes a claim has been pled under 15 U.S.C. § 1681s-2(b), the Court further

16

(1:07 CV 2739)

finds that plaintiffs have not alleged compliance with the statutory notice requirements of 15 U.S.C. §§ 1681i(a)(1) and (2). The Court will accordingly dismiss Count IV for failure to state a claim.

The remaining counts are all supplemental (f/k/a pendent) state law claims as follows:

**Count V:**

Count V alleges violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.01, *et seq.* ("OCSPA").

**Count VI:**

Count VI alleges negligence on the part of Ocwen regarding the collection of loan payments. ECF 80 at ¶¶ 72-77.

**Count VII:**

Count VII is captioned "Slander of Lisa Bridge's Credit." It alleges malicious defamation for false credit reporting. It is asserted by Mrs. Bridge only, against both Ocwen and Deutsche Bank. ECF 80 at ¶¶ 79-84.

**Count VIII:**

Count VIII is captioned "Spoliation of Evidence" and alleges that Ocwen destroyed its telephone records relating to the computer generated calls it made to plaintiffs that are alleged to have been violations of the Count II Telephone Consumer Protection Act claim. ECF 80 at ¶¶ 86-90.

**Count IX:**

Count IX sets forth a claim for loss of consortium. ECF 80 at ¶¶ 93-95.

17

(1:07 CV 2739)

The Court has concluded that all plaintiffs' federal claims set forth in Counts I through IV should be dismissed, either with prejudice for failure to state a claim, or (as to Count II) without prejudice for lack of subject matter jurisdiction. The Court accordingly concludes that it is appropriate to dismiss without prejudice the plaintiffs' pendent state claims (ECF 80 Counts V through IX); Deutsche Bank's Counterclaims and Third Party Complaint (ECF 100); and plaintiffs' Counterclaim in Reply (ECF 120). The Court further concludes that Plaintiffs' Application to Clerk for Entry of Default against defendant Aames (ECF 121) is moot based upon the Court's dismissal of Count IV of the Second Amended Complaint.

### III. CONCLUSION

For the reasons discussed above, the Court rules as follows upon Ocwen's motion to dismiss (ECF 98), Deutsche Bank's motion to dismiss (ECF 99), and the case in general.

1. With respect to the Second Amended Complaint (ECF 80):

   a. Federal Counts I, III, and IV are dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim.

   b. Federal Count II is dismissed without prejudice for lack of subject matter jurisdiction.

   c. The pendent state law claims (Counts V through IX) are dismissed without prejudice.

2. Plaintiffs' Application to Clerk for Entry of Default against Defendant Aames Capital Corporation (ECF 121) is moot based upon the Court's dismissal of Count IV of the Second Amended Complaint.

3. As a consequence of the Court's disposition of the motions to dismiss and the remaining claims of the Second Amended Complaint, the Counterclaims and Third Party

(1:07 CV 2739)

Complaint of Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1 (ECF 100) are dismissed without prejudice; and the Plaintiffs' Counterclaim in Reply (ECF 120) is dismissed without prejudice.

    The Court will enter final judgment accordingly.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 28, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |