DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA BRIDGE, et. al., | ) | |
| | ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER RE MOTIONS FOR |
| OCWEN FEDERAL BANK FSB, et. al., | ) | SUMMARY JUDGMENT ON |
| | ) | DEUTSCHE BANK'S FORECLOSURE |
| Defendants. | ) | COUNTERCLAIM/THIRD PARTY |
| | ) | COMPLAINT |

INTRODUCTION

Before the Court are: 1) cross-motions for summary judgment on defendant Deutsche Bank's foreclosure counterclaim, and 2) Deutsche Bank's motion for summary judgment on the third-party complaint. Plaintiffs and Deutsche Bank have filed moving papers (ECF 213, 214),[1] oppositions (ECF 218, 219), and reply briefs (ECF 221, 223). The third-party defendants have not opposed Deutsche's motion.  Having reviewed all of the filings, and the transcript of the evidentiary hearing held July 31, 2013, the Court hereby **GRANTS** Defendant Deutsche Bank's motion for summary judgment on its counterclaim and third-party complaint.

BACKGROUND OF THIS CASE AND MOTIONS

The underlying facts of this case are relatively simple and have been set forth multiple times. See Memorandum Opinion and Order, ECF 175. The procedural history of this case is not so simple.  The case is six years old. There are two separate federal lawsuits that have already

---

[1] Unless otherwise noted, all references are to the Electronic Case Filings in Case No. 1:07 CV 2739.

(1:07 CV 02739)

been the subject of Sixth Circuit rulings.

## A.    Bridges I - Phase 1 - (Judge Dowd)

The first federal case began on September 11, 2007 when Lisa Bridge filed suit in federal court against Firstar Bank, Aames Capital Corporation, Ocwen Federal Bank, Ocwen Financial Corporation and Ocwen Federal Loan Servicing, alleging misconduct relating to the claimed default on plaintiffs' mortgage, and the actions of the defendants in attempting collection of the disputed debt.  (Case No. 1:07 CV 2739).

During the course of the next 18 months (and multiple changes of counsel), William Bridge was added as a plaintiff, Deutsche was added as a defendant, Firstar settled and plaintiffs expanded their theories of recovery, as detailed below.

Deutsche answered plaintiffs' second amended complaint (ECF 80), and filed a counterclaim and third-party complaint for breach of promissory note and foreclosure. (ECF 100). In response, plaintiffs answered and filed a counterclaim for declaratory relief and to quiet title. (ECF 120).

Deutsche and Ocwen moved to dismiss the second amended complaint. (ECF 99, 98). In a Memorandum Opinion entered August 28, 2009, this Court dismissed with prejudice plaintiffs' federal law counts predicated upon the Federal Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act, ("TCFAP") and Real Estate Settlement Procedure Act ("RESPA"). The TCPA count was dismissed without prejudice, on the basis the Court lacked subject matter jurisdiction. The Court dismissed plaintiffs' pendent state claims without prejudice. The Court

2

(1:07 CV 02739)

also dismissed without prejudice Deutsche's third-party complaint and counterclaim, and

plaintiffs' counterclaim. (ECF 129).

Plaintiffs appealed that decision to the Sixth Circuit, but only as to the dismissal with

prejudice on the FDCPA count. (See ECF 132).

**B.  Bridges II (Judge Oliver)**

In 2009, while the appeal of *Bridges I* was pending, the Bridges re-filed in state court the

declaratory relief and quiet title actions this Court had dismissed without prejudice.  Deutsche

removed the case to federal court, and it was assigned to Judge Solomon Oliver, Jr. (Case No.

1:09 CV 2947 **-** "*Bridges II*").

In *Bridges II,* Plaintiffs sought, *inter alia*, the following declarations:

1.  That the assignment of the Mortgage Note to Deutsche was not done in conformity with Ohio law, and therefore Aames was and continued to be the "holder";

2.  That Deutsche had no right, title or interest in the Mortgage Note or the payments due thereon;

3.  That the assignment of the trust and pass-through certificates utilized by Aames and Deutsche were insufficient to create, in Deutsche, the legal status of a "holder" or a "holder in due course";

4.  That there was a "clear and unambiguous failure of the proper negotiation and delivery of the Mortgage Note" pursuant to O.R.C. §§ 1303.32 (A), 1301.01 (T) (1), 1303.21, 1303.01 (A) (8), and 1303.24 (A)(1); and

5.  That the assignment of the Mortgage Deed, without proper negotiation of the Mortgage Note, left Deutsche with no right to a lien or security interest in the property.

See Plaintiffs' complaint, *Bridges II,* Case No. 1:09 CV 2947, ECF 1-1).

3

(1:07 CV 02739)

In *Bridges II*, Deutsche brought a motion to dismiss plaintiffs' complaint on the grounds that the plaintiffs had no standing to contest the transfer of ownership of the mortgage deed and debt from Aames to Deutsche because the plaintiffs were not parties to the transfer, and the transfer did not affect their contractual obligations. (*Bridges II* , ECF 5 at p. 45). By order dated September 29, 2010, Judge Solomon Oliver, Jr. agreed and granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (*Bridges II*, ECF 25 at p. 159). Noting that, "Courts have routinely found a debtor may not challenge an assignment between an assignor and assignee," Judge Oliver found that there was no dispute between Deutsche and Aames over whether the note and mortgage were properly assigned, and Mrs. Bridge lacked standing to raise the issue. (*Bridges II,* ECF 25, at 164, 165).  Judge Oliver pointed out that Mrs. Bridge's position had not changed: "Plaintiff is still in default on her mortgage and subject to foreclosure." *Id.*

Plaintiffs appealed Judge Oliver's decision to the Sixth Circuit. On April 27, 2012, the Sixth Circuit affirmed Judge Oliver's order of dismissal with prejudice.

## C.    Bridges I - Phase 2 - (Judge Dowd)

Three days later, the Sixth Circuit issued its opinion reviewing this Court's dismissal in *Bridges I - Phase 1*. The Sixth Circuit reversed only "the district court's judgment on the Bridges' FDCPA claims" and remanded for further proceedings consistent with its opinion.  The proceedings in *Bridges I* following remand constitute what the Court refers to as *Bridges 1 - Phase 2.*

4

(1:07 CV 02739)

On May 31, 2012, plaintiffs filed a third amended complaint in Case No. 1:07 CV 02739, *Bridges I.* (ECF 148).  In addition to asserting the FDCPA claim upheld by the Sixth Circuit, plaintiffs also asserted a federal TCPA claim, and the state statutory and common law claims that had been dismissed without prejudice in *Bridges I - Phase 1*. (Counts II, III, IV, and VI). Plaintiffs also included, with little modification, the declaratory relief and quiet title claims dismissed *without* prejudice in *Bridges I* and dismissed **with** prejudice in *Bridges II.* (ECF 148).

On July 16, 2012, defendants filed a motion to dismiss certain counts of the plaintiffs' third amended complaint for failure to state a claim.  (ECF 156).

On January 29, 2013, this Court issued its Memorandum Opinion and Order regarding defendants' motion to dismiss plaintiffs' third amended complaint. Based on the dismissal with prejudice in *Bridges II*, this Court found that *res judicata* barred the re-litigation of the issues that were brought, or could have been brought, to challenge Deutsche Bank's legal status as a holder of the note.  Thus, the Court dismissed Counts VII and VIII of the plaintiffs' third amended complaint, which recited the same 5 claims made by Plaintiffs in *Bridges II*, as listed *supra*.[2]  The only new claims asserted were 1) a challenge to the Aames' and Deutsche's compliance with the Pooling and Servicing Agreement (PSA), and 2) a claim that Deutsche was not properly registered with the Ohio Secretary of State. These, too, were dismissed, on the grounds of claim preclusion. "Whether the original claim explored all the possible theories of

---

[2] The Court prepared an exhibit pairing the all but identical  paragraphs from *Bridge II* and the third amended complaint in *Bridges I - Phase 2*. ECF 175, Exhibit A. Even a cursory review of the exhibit reveals all of the issues presented in Counts VII and VIII had been litigated to a final judgment of dismissal with prejudice in *Bridges II,* a judgment affirmed by the Sixth Circuit.

5

(1:07 CV 02739)

relief is not relevant, '[i]t has long been the law of Ohio that an existing final judgment or decree

between the parties to litigation is conclusive to all claims which were or *might have been*

litigated in the first lawsuit.'" *Brown v. City of Dayton*, 89 Ohio St. 3d 245, 248 (2000)(quoting

*Natl. Amusements Inc. v. Springdale,* 53 Ohio St. 3d 60, 62 (1990)); *Frazier v. Matrix*

*Acquisitions, LLC*, 873 F.Supp.2d 897, 904 (N.D. OH 2012).

It is against this backdrop of prior rulings, which, by *res judicata* and law of the case,

limit the plaintiffs' arguments, that the Court considers Defendant Deutsche Bank's motion for

summary judgment on its foreclosure counterclaim and third-party complaint (ECF 210).

<u>STANDARD  FOR A MOTION FOR SUMMARY JUDGMENT</u>

The Court shall grant summary judgment only if the moving party demonstrates that

there is no genuine dispute as to any material fact and the moving party is entitled to judgment as

a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the burden to show no genuine

issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party

asserting that a fact cannot be genuinely disputed must support that assertion with materials

from the record, including depositions, documents, stipulations, affidavits, declarations, etc.

Fed. R. Civ. P. 56(c)(1).

When considering a motion for summary judgment, "the inferences to be drawn from the

underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and

admissions] must be viewed in the light most favorable to the party opposing the motion."  *U.S.*

*v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere

allegation or denials of his pleading, but must set forth specific facts showing that there is a

6

(1:07 CV 02739)

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Rule

requires the nonmoving party who has the burden of proof at trial to oppose a proper summary

judgment motion "by any of the kinds of evidentiary material listed in Rule 56, except the mere

pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments

or conclusory allegations of an affidavit do not create specific fact disputes for summary

judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will

be insufficient; there must be evidence on which the jury could reasonably find for the

plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting

*Anderson v. Liberty Lobby*, 477 U.S. at 252)).

   In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is

the need for a trial -- whether, in other words, there are any genuine factual issues that properly

can be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must

determine "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

*See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he

conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material

fact that preclude the grant of summary judgment").

(1:07 CV 02739)

## LEGAL ANALYSIS

**A.    Deutsche Bank Has Met Its Burden of Establishing There is no Genuine Dispute of any Material Fact Regarding its Entitlement to Foreclose**

A party seeking to foreclose on a mortgage in Ohio must establish: (1) execution and delivery of the note and mortgage; (2) valid recording of the mortgage; (3) default; and (4) the amount due. *Chase Home Finance, LLC v. Heft,* 2012 WL 691703 at *4 (Ohio App. 3d Dist. 2012)(citing *First Natl. Bank of Am. v. Pendergrass*, 2009-Ohio–33208 ¶ 21(Ohio App. 6th Dist. 2009)(citing *Neighborhood Housing Services of Toledo, Inc. v. Brown*, 2008-Ohio-6399 ¶ 16 (Ohio App. Dist. 2008))). The Ohio Supreme Court has recently clarified that the debtor must be in possession of the note at the time of the commencement of a foreclosure action. *Federal Home Loan Mortg. Corp. v.. Schwartzwald*, 134 Ohio St. 3d 13 (2012). In this case, the date of commencement is February 7, 2013.

Deutsche Bank has produced the original endorsed note. At an evidentiary hearing on July 31, 2013, the plaintiffs stipulated that the note produced by Benjamin Carnahan, counsel for Deutsche Bank, is the original note signed by Lisa Bridge. Transcript of July 31, 2013 Evidentiary Hearing (ECF 212, pp. 10-12). Uncontroverted testimony at the evidentiary hearing established that Martha Van Hoy Asseff, attorney for Ocwen and Deutsche Bank, received the original endorsed note by overnight mail in late December of 2009. She presented it at a status conference in *Bridges II* held on March 23, 2010, attended by Plaintiff William Bridge, James Douglass, counsel for Plaintiffs, and Magistrate Judge Nancy Vecchiarelli. Thus, Deutsche Bank has established that the original note was in possession of Deutsche's attorney and agent prior to February of 2013, the date of commencement of the action. (Evidentiary Hearing, ECF 212, p.

8

(1:07 CV 02739)

104).

The mortgage covering the property was signed by both Willian and Lisa Bridge to secure the amount due on the loan. The note was assigned to Bankers Trust of California, N.A. in trust for the benefit of the holders of Aames Mortgage Trust 2002-1 Mortgage pass through certificates series 2002-1 on December 7, 2001 and recorded on December 12, 2001. Evidentiary Hearing, Ex. C. Plaintiffs are barred by *res judicata* and law of the case from challenging the propriety of the assignment. (*Bridges I* ; ECF 175). Plaintiffs have not challenged the validity of the recording.

Based on the Federal Reserve System's record of name change, the Court will take judicial notice that Bankers Trust Company of California, N.A. was renamed Deutsche Bank National Trust Company. Exhibit B to Defendant Deutsche Bank's Motion for Summary Judgment. *Flores v. World Sav. Bank FSB*, 2011 U.S. Dist. Lexis 1 57272 at *3-5 (C.D. Cal. June 28, 2011).

Ocwen's loan transaction history shows that the last payment received on the Bridges' note was received September 17, 2007. ( ECF 213-5, PageID # 2396). Plaintiffs admit that they have not made a payment on the loan since around September 2007. (Plaintiffs' response to Deutsche Bank's Interrogatory No. 17 and Requested for Admissions Nos. 11-12, attached as Exhibit F to ECF 213.) Thus, default is not disputed.

After default, Deutsche elected to accelerate the note and demand the entire amount due and payable to Deutsche Bank. Affidavit of Crystal M. Kearse, ECF 213-1. Based upon a review of records kept by Ocwen in the regular course of its business as servicer of the loan at issue, as

9

(1:07 CV 02739)

of August 2, 2013, Lisa Bridge owed $450,899.83 in principal, plus interest of $226,309.21, plus escrow advances of $86,244.25, late charges costs and fees of $23,237.38, for a total of $786,690.67, plus per diem interest of $107.71 and any escrow advances after August 2, 2013.[3] Affidavit of Crystal M. Kearse, ECF 213-1. Since Plaintiffs have taken the position that Ocwen and Deutsche Bank are "in exclusive possession of information" regarding amounts due, and claim to be unable to identify what payments they made on the loan, plaintiffs have not controverted this accounting. *See* Plaintiffs' response to Ocwen's Interrogatory 4, attached to ECF 213 as Exhibit E; Plaintiffs' responses to Interrogatory Nos. 4 and 14.

Deutsche filed this counterclaim and third-party complaint for foreclosure in February of 2013.[4] As the assignee of a validly recorded mortgage, and the entity in possession of the original promissory note, payable to its order, Deutsche Bank has established it is entitled to enforce the note as a "holder" under Ohio Revised Code §§1303.31, 1301.201(A)(21).

To sum up, Deutsche has satisfied the required showing to proceed with foreclosure under Ohio law, and carried its burden to establish it is entitled to summary judgment. The burden now shifts to the Plaintiffs to produce competent evidence to establish a genuine dispute as to any material fact.

---

[3] Deutsche's prayer for relief also includes attorney fees, an issue that will be considered by the Court at a later time upon a separate motion by Deutsche.

[4] Defendant also brought suit and summary judgment against third-party defendants the Geauga County Treasurer, the United States of America, and the Ohio Department of Taxation, all of which have liens against the property at issue. None of these parties opposed summary judgment. Deutsche concedes its lien is subordinate to any real property taxes and assessments owing on the property.

10

(1:07 CV 02739)

**B.     Plaintiffs Have Not Put Forth Facts That Demonstrate a Genuine Dispute
          as to any Material Fact Regarding Deutsche Bank's Right to Foreclose**

The Court will organize plaintiffs' arguments in opposition to Deutsche Bank's summary

judgment motion as follows: 1) whether plaintiffs can assert a defense to foreclosure based upon

defects in the assignment of the note and mortgage; 2) whether multiple copies of the note

require a denial of summary judgment; 3) whether the statute of limitations bars Deutsche's 2013

foreclosure action; and 4) whether plaintiffs may raise non-compliance with the PSA to

challenge Deutsche's standing as a holder. The Court will address the issue of the adequacy and

propriety of using business record affidavits from an employee of the servicer in support of a

note holder's foreclosure in a separately published Memorandum Opinion regarding plaintiffs'

Motion to Strike (ECF 220).

> 1.     Since Plaintiffs Cannot Credibly Claim a Risk of Double Payment, Plaintiffs
>        Cannot Assert a Defense to Foreclosure Based Upon Defects in the Assignment
>        of the Note and Mortgage

Plaintiffs argue that, as defendants in a foreclosure action, they should not be limited in

asserting as defenses the arguments barred to them as plaintiffs in their declaratory relief and

quiet title actions in *Bridges II.*  However, even putting aside the issues of *res judicata* and

collateral estoppel, the substantive law does not permit the Bridges to challenge an assignment or

other agreements to which they are not parties. While an obligor "may assert any defense which

renders the assignment absolutely invalid or ineffective or void," the obligor may do so only to

protect themselves from having to pay the same debt twice. *Livonia Properties Holdings, LLC v.

12840-12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97, 102 (6th Cir. 2010) (quoting

6 A C.J.S. Assignments § 132 (2010)).  Where, as here and in *Livonia*, the foreclosing party

11

(1:07 CV 02739)

produces the original note, the obligor "cannot credibly claim to have standing to challenge" the assignments and other agreements to which they were not a party. *Id.* at 102 . *See also Chase Home Fin., LLC v. Heft*, 2012 Ohio 876, 2012 WL 691703 (Ohio App. 3d Dist. March 5, 2012) (borrower cannot challenge validity of assignment in case claiming OCSPA violation); *Slorp v. Lerner, Sampson & Rothfuss*, 2013 WL 941430 at *5( S.D. Ohio March 8, 2013) (where there is no risk plaintiff may have to pay the debt twice, plaintiff may not challenge assignment whatever relief is sought).

Deutsche Bank has not only produced the original note, but Judge Oliver in *Bridges II* found that Aames Funding Corporation, the original lender and mortgage holder, does not dispute the assignment. (*Bridges II*, ECF 25 at p. 7). So any claim by the Bridges of a risk of double payment is not credible and  without a rational basis. Therefore, the Bridges may not challenge assignments in this foreclosure action on the grounds they are invalid, ineffective or void.

2.      Summary Judgment May Be Granted Even If Copies of the Same Note, Prior To and After Endorsement, are Produced

In *Deutsche Bank National Trust Co. v. Najar*, 2013 WL 1791372 (Ohio App. 8th Dist. April 25, 2013), a foreclosure action, Deutsche Bank alleged it was a holder of the note and mortgage. Copies of the unendorsed note and mortgage, which the borrowers had executed in favor of Argent, were attached to the complaint.  A copy of the mortgage assignment from Argent to Deutsche was also attached, but a copy of the note endorsed in blank was not. *Id.* at ¶7.

12

(1:07 CV 02739)

In *Najar*, defendants' answer alleged that Deutsche's foreclosure action had been filed using false documentation, that Deutsche did not "own" the note and mortgage, and that the assignment or mortgage from Argent to Deutsche was fraudulent, having been signed by "notorious robo-signers." *Id.* at ¶ 9. Defendants also alleged that the attorneys for Deutsche were "perpetrating a fraud upon the Court." *Id.*

Deutsche Bank brought a motion for summary judgment in *Najar*, which included as evidence, a copy of the note endorsed in blank. The trial court granted Deutsche's motion and ordered foreclosure of the mortgaged property.

On appeal in *Najar*, defendants argued that Deutsche Bank lacked standing to bring the suit, since the copy of the note attached to the complaint was not endorsed. Acknowledging the variance between the note attached to the complaint, and the endorsed note included in the motion for summary judgment, the 8th district court of appeals stated, "The mere fact that there were two different copies of the note in the record–one with endorsements and one without–does not mandate a finding that one of the notes was 'unauthentic' or otherwise preclude summary judgment." *Deutsche Bank v. Najar*, at ¶ 59, (citing *U.S. Bank Nat'l Assn. v. Adams*, 2012-Ohio-6253 at ¶ 19-20 (Ohio App. 6th Dist. December 31, 2012)).

The situation in *Najar* was credibly explained: the copy of the note attached to the complaint lacked endorsements because it was a copy from the mortgage loan closing file, which contains copies of the documents as they were on the day the loan was made.  The note with endorsements was kept in a separate "collateral file," which included the note as subsequently endorsed or modified. The appellate court affirmed the grant of summary judgment to Deutsche.

13

(1:07 CV 02739)

*See also Wells Fargo Bank, N.A. v. McConnell*, 2012 WL 5431960 (Ohio App. 5 Dist. Nov. 5, 2012) (summary judgment affirmed even though one copy of the note submitted for summary judgment had no endorsements and another copy of the note included an endorsement that "bled through" to the page bearing the parties' signatures).

The case the Bridges rely on for their argument that multiple copies of a note require denial of summary judgment, *Fannie Mae v. Trahey,* 2013 Ohio 3071, 2013 WL 3534475 (Ohio App. 9th Dist. July 15, 2013), is inapposite. In *Trahey,* the Federal National Mortgage Association ("Fannie Mae") filed two copies of the promissory note, each containing different endorsements. The first note was endorsed by Sirva Mortgage, Inc. to blank. The second promissory note, attached to an amended complaint, showed Sirva endorsed the note to CitiMortgage and Citimortgage endorsed the note to blank. Neither copy of the notes indicated dates for the endorsements. Thus, it was impossible for the court to determine who was the holder of the note, and had standing to bring suit, at the time the foreclosure action was filed, a genuine issue of material fact.

There are no similar confusions or material discrepancies in this case.  As outlined above, Deutsche Bank has established that it was the in physical possession of the endorsed original note from at least 2009 to date, and that note bears only one assignment.  This case, like *Najar* and *McConnell*, simply involves a copy of the promissory note made prior to its endorsement, and a copy made after the endorsement– an endorsement that "bleeds through" to the prior page when copied.

14

(1:07 CV 02739)

Plaintiffs advance multiple theories about why there are two copies, suggesting conspiracies and nefarious acts.  However, there are no facts that lend support to those theories. The existence of  two copies of the identical note, one copy made prior to and one made after endorsement, proves nothing, and does not preclude summary judgment.

> 3.    Deutsche Bank's Foreclosure Complaint is Not Barred by the Statute
> of Limitations

Plaintiffs also argue that the first default–with Aames in April 2002–means the statute of limitations has run and Deutsche Bank cannot foreclose on the loan. They claim that their loan was placed in default at that time, and never reinstated.

To support their position, plaintiffs rely on a July 2002 default letter. ECF 180-2. This letter gives notice to Lisa Bridge that she is in default under the terms and conditions of the note and mortgage in the amount of $7,387.64 and that the note will be accelerated if the sum is not paid.  Even if acceleration occurs, the letter further states that "You have the right to 'cure' or reinstate your loan after acceleration." ECF 180-2. In fact, Aames received and credited a payment after the default letter was sent. *See* ECF 213-5, Exhibit A-4 Loan History

The Bridges' loan payment history shows that from 2002-2007 Lisa Bridge was in and out of default at various times, until she quit paying entirely just after filing this lawsuit. The full detail of the transaction history can be found at ECF 213-5, Exhibit A-4 Loan History. The data is summarized in the table attached to Defendant's Evidentiary Hearing Brief, ECF 205-1, and shows the following pattern:

(1:07 CV 02739)

- <u>May 2002-November 2003:</u> Plaintiffs make monthly payments, but are late and incur late charges.

- <u>December 2003-January 2004</u>: Plaintiffs are current in loan payments.

- <u>February 2003-October 2004</u>: Plaintiffs make monthly payments, but are late and incur late charges.

- <u>November 2004</u>: Plaintiffs are current in loan payments.

- <u>December 2004:</u> Plaintiffs make monthly payments, but are late and incur late charges.

- <u>January 2005-March 2005</u>: Plaintiffs are current in loan payments.

- <u>April 2005-October 2007</u>: Plaintiffs make monthly payments but are late and incur late charges.

- <u>September 2007</u>: Lisa Bridge files the instant lawsuit.

- <u>November 2007 and thereafter</u>: Plaintiffs do not pay their loan.[5]

It is the 2007 default–the default which was not cured–which Deutsche Bank sues upon in this case.

Neither of the cases cited by plaintiffs support the proposition that the statute of limitations runs from the time of a default that is cured under the terms of the loan agreement, or that a prior cured default precludes later foreclosure.  Plaintiffs cite *US Bank Nat'l Assn v. Gullotta,* 120 Ohio St. 3d 399 (2008). That case involved Civ. R. 41(A) and the claim that the bank's second dismissal of a foreclosure action constituted an adjudication on the merits. The Ohio Supreme Court was emphatic that the ruling was specific to the facts of the case, saying:

---

[5] Saying that Ocwen and Deutsche are in "exclusive possession of information" respecting payment, Plaintiffs do not dispute this accounting. Plaintiff's Response to Deutsche Bank Interrogatory No. 14, ECF 213-11.

16

(1:07 CV 02739)

> This case is this case. The significant facts here are that the underlying note and mortgage never changed, that upon the initial default, the bank accelerated the payments owed and demand the same principal payment that it demanded in every complaint, that Gullotta never made another payment after the initial default and U.S. Bank never reinstated the loan.

*Id*., at 402-403.

The facts of *Gullotta* could not be more dissimilar than the facts presently before the Court.  In this case, after the initial default, the Lisa Bridge cured and Deutsche Bank did not accelerate the loan.  Further, Lisa Bridge made numerous additional payments after the initial default, and at times, was current on her payments.  Moreover, in this lawsuit, Deutsche Bank does not demand the same principal payment as it would have demanded in foreclosure based upon the cured 2002 default.

Plaintiffs' second authority, *Mohammad v. Awadallah*, 2012-Ohio-3455, 2012 WL 3132030 (Ohio App. 8th Dist. Aug. 2, 2012), involved a promissory note with a maturity date, at which time the note was due and payable in full. The plaintiff in *Awadallah* did not file his complaint until beyond the applicable statute of limitations, measured from the note's maturity date.  The instant case does not involve a fully matured promissory note. Again, neither the facts or the law at issue in the case are relevant to the issues presented at bar.

Finally, Deutsche Bank points out that Plaintiffs specifically waived any statute of limitations argument. *See* ECF 213-3 (Mortgage at ¶ 30).

Deutsche Bank has clearly demonstrated that Lisa Bridge continued to pay on the note, and Ocwen continued to accept payments on the note, until Lisa Bridge ceased paying in late 2007. It was in September 2007 that Ocwen sent a letter of default, and Deutsche Bank thereafter

17

(1:07 CV 02739)

accelerated the note, declaring the full amount due and payable. This suit, predicated on the 2007

uncured default, was timely filed under the statute of limitations.

>    4.    Plaintiffs Cannot Raise Issues Relating to the Pooling and Servicing
>          Agreements: They are Barred by Ohio Law, *Res Judicata* and the
>          Law of the Case

Plaintiffs raise various violations of the Pooling and Servicing Agreement ("PSA") as a

challenge to the validity of Deutsche Bank's status as a holder. Ohio courts have consistently

rejected debtor's attempts to evade their obligations by attacking or trying to enforce PSAs. *See,*

*e.g., Waterfall Victoria Master Fund Ltd. v. Yeager*, 2013 Ohio 3206, 2013 WL 3833467 (Ohio

App. 11th Dist., July 22, 2013); *Deutsche Bank Nat'l Trust Co v. Rudolph*, 2012 Ohio 6141,

2012 WL 6727811 (Ohio App. 8th Dist. Dec. 27, 2012); *Bank of New York Mellon Trust Co. v.*

*Unger*, 2012 Ohio 1950, 2912 WL 1567192 (Ohio App. 8th Dist. May 3, 2012); *In re Smoak*,

461 B.R. 510 (Bankr. S.D. Ohio 2011).

In *Smoak* the bankruptcy court rejected arguments by Chapter 13 debtors that a

noteholder could not brings its bankruptcy claim because it did not comply with the applicable

PSA. Echoing the reasoning of *Bridges II*, the *Smoak* court held the borrowers lacked standing

to questions mortgage assignments made pursuant to the PSA since they were not parties to the

agreement. The *Smoak* court further held that noncompliance with the PSA did not affect the

note holder's right to foreclose. *Id.* at 517-523.[6]

---

[6] For an extensive list of courts across the country who have ruled that a debtor may not
base a challenge to foreclosure upon a PSA, see Defendant Deutsche Bank's Response to
Plaintiffs' Motion for Summary Judgment on Foreclosure Counterclaim, ECF 218, Page
ID # 2614, n.3.

(1:07 CV 02739)

Even if some debtors could bring objections or create defenses based upon

noncompliance with a PSA, the Bridges cannot. In *Bridges II*, the Plaintiffs asked Judge Oliver

to declare:

•       That the assignment of the Mortgage Note to Deutsche was not done in conformity with
        Ohio law, and therefore Aames was and continued to be the "holder";

•       That Deutsche had no right, title or interest in the Mortgage Note or the payments due
        thereon;

•       That the assignment of the trust and pass-through certificates utilized by Aames and
        Deutsche  were insufficient to create, in Deutsche, the legal status of a "holder" or a
        "holder in due course";

•       That there was a "clear and unambiguous failure of the proper negotiation and delivery
        of the Mortgage Note" pursuant to O.R.C. §§ 1303.32(A), 1301.01(T)(1), 1303.21,
        1303.01(A)(8), and 1303.24(A)(1); and

•       That the assignment of the Mortgage Deed, without proper negotiation of the Mortgage
        Note, left Deutsche with no right to a lien or security interest in the property.

Thus, Plaintiffs put before Judge Oliver in *Bridges II* precisely the same issues it is

(again) placing before this Court in *Bridges I-Phase 2*.[7] Judge Oliver held in *Bridges II* that

Plaintiffs could not raise challenges to Deutsche Bank's status as a holder based on claimed

deficiencies or errors in the assignment of the Note from Aames to Deutsche Bank, as it was a

contract to which plaintiffs were not a party. Judge Oliver dismissed their complaint *with*

*prejudice.*

Under Ohio law, "'[a] valid, final judgment rendered on the merits bars all subsequent

actions based upon any claim arising out of the transaction of occurrence that was the subject

---

[7] This Court already dismissed several counts of Plaintiffs' complaint in this matter
which were virtually identical to counts filed in *Bridges II*.  ECF 175.

(1:07 CV 02739)

matter of the previous action.'"  *Grava v. Parkman Township,* 73 Ohio St. 3d 379, Syllabus

(1995)(quoting Restatement of Judgments (2d)). Under issue preclusion, a party is prevented

from re-litigating in a second action an issue that was "actually and necessarily litigated in a

prior action that was based on  different cause of action." *Austin v. Club E*, 2011 WL 243282, ¶

13 (Ohio App. 8th Dist. Jan 13, 2011)(citing *Fort Frye Teachers Ass., OEA/NEA v. State Emp.*

*Relations Bd.*, 81 Ohio St. 2d 392, 395 (1998)). Claim preclusion bars all subsequent actions

based upon claims which were *or which could have been* brought in the prior action. *Brown v.*

*City of Dayton,* 89 Ohio St. 3d 245, 248 (2000). This Court has already ruled that claim

preclusion bars Plaintiffs from bringing challenges in this action based upon the PSA. ECF

175, at PageID # 1088-89.[8]  Thus both *res judicata* and law of the case bar plaintiffs from

raising arguments based on the PSA.

　　　　Plaintiffs try one more new argument, that the mortgage assignment is invalid since the

mortgage was endorsed in advance of the creation of the trust.  This argument, too, falls to

claim preclusion, since Plaintiffs could have, but did not, assert the argument in *Bridges II.*[9]

　　　　The Supreme Court has stressed, "Public policy dictates there be an end of litigation,

that those who have contested an issue shall be bound by the result of the contest, and that

───────────────

[8] Deutsche Bank also refutes plaintiffs' arguments regarding New York law, but the
Court need not reach these issues.

[9] Additionally, defendant undertakes an extensive explanation of why, even allowing and
accepting the Plaintiffs' various arguments, Deutsche Bank would still be entitled to
enforce the note, concluding: "Under the UCC as codified in Ohio, no matter which way
you turn, all of Plaintiffs arguments fail." ECF 218 at PageID # 2620. The Court will not
repeat that analysis, but is persuaded that Deutsche Bank would be entitled to enforce the
note against plaintiffs even if plaintiffs arguments against summary judgment were
otherwise persuasive.

(1:07 CV 02739)

matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525 (1931).  Plaintiffs have already had at least four bites at this apple, and that is more than enough.

<u>SUMMARY OF FACTUAL FINDINGS AND CONCLUSIONS OF THE COURT</u>

The Court concludes that there is no genuine dispute as to the following facts, and summarizes the findings and conclusions contained in this Memorandum Opinion as follows:

1.      Lisa Bridges executed the promissory note ("Note") referenced in the counterclaim, and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Deutsche Bank is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terns of the Note and mortgage. The Court further finds that Lisa and William Bridges executed and delivered the Mortgage referenced in the counterclaim, the Deutsche is the holder of the Mortgage and that the Mortgage secures the amounts due under the Note.  The premises which are the subject of this foreclosure action are described by the legal description found at ECCF 224-2, said premises known as: 9099 Fairmount Road, Russell, Ohio 44072, Permanent Parcel No. 26-214120.

2.      The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute and Deutsche is entitled to have equity of redemption and dower of the current title holders foreclosed. The Court  finds that as the assignee of a validly recorded mortgage, and the entity in possession of

21

(1:07 CV 02739)

the original promissory note, payable to its order, Deutsche Bank has established it is entitled to enforce the note as a "holder" under Ohio Revised Code §§1303.31, 1301.201(A)(21).

3.      The Court finds that as of August 2, 2013 Lisa Bridge owed on the Note $450,899.83 in principal plus interest of $226,309.21, plus escrow advances of $86,244.25, late charges costs and fees of $23,237.38, for a total of $786,690.67, plus per diem interest of $107.71.

4.      The Court further finds that in addition to the above, there may be due to Deutsche Bank under the terms of the Note and Mortgage 1) sums advanced after August 2, 2013 to pay real estate taxes, assessments, insurance premiums, and property protection, and 2) attorney fees, costs and expenses incurred for the enforcement of the Note and Mortgage, which sums, if any, will be determined by further order of this Court, except to the extent that one or more specific such items is prohibited by Ohio law, and except to the extent that an adjustment may be appropriate as a consequence of plaintiff Lisa Bridge's payments into the Court's Registry commencing on July 5, 2013.

5.      The Court finds that the Mortgage was recorded with the County record and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Deutsche's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

(1:07 CV 02739)

The Court concludes that no reasonable factfinder could find in favor of plaintiffs and that defendant Deutsche Bank is entitled to judgment as a matter of law with respect to its foreclosure counterclaim and third-party complaint.  Deutsche Bank's motion for summary judgment on its counterclaim and third-party complaint is GRANTED.  Plaintiffs' motion for summary judgment is DENIED.

<u>NO JUST REASON FOR DELAY</u>

Rule 54(b) of Fed.R.Civ.P. provides that when an action presents more than one claim for relief, the Court may direct entry of a final judgment as to fewer than all claims or parties if the Court expressly determines that there is no just reason for delay, which permits an immediate appeal of a district court's judgment even though the lawsuit contains unresolved claims. The Sixth Circuit in *General Acquisition, Inc. v. GenCorp, Inc.,*[10] has outlined the analysis which must be undertaken by a district court in determining whether to exercise its discretion to certify a judgment for appeal prior to the ultimate disposition of the entire case.

In making that determination, the district court must first decide whether the judgment at issue is "final" in the sense that it is the ultimate disposition of an individual claim which has been made in the course of a multiple claim action. Second, the district court must balance the needs of the parties against the interests of efficient case management. *General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026-27.

In this case, Deutsche Bank's counterclaim and third-party complaint for foreclosure is a separate cognizable claim for relief from Lisa and William Bridge's allegations in their

---

[10] 23 F.3d 1022 (6th Cir. 1994).

(1:07 CV 02739)

complaint.  The Court's ruling in favor of Deutsche Bank's motion for summary judgment is a final decision with respect to the Bridge's liability to Deutsche Bank as to the Note and Mortgage, completely disposes of Deutsche Bank's foreclosure claims, and is entirely separate from the Bridge's claims against Deutsche Bank, Ocwen Bank, and Ocwen Loan Servicing.

With respect to the second step in the analysis, the Court concludes that the needs of the parties to proceed with an immediate appeal of the Court's foreclosure ruling outweighs the undesirability of more than one appeal in this action.  Lisa Bridge has been in default of the Note for many years and Deutsche Bank should not be required to continue to bear the financial burden of this default for an unknown additional period of time while the Bridge's litigate their unrelated claims against Deutsche Bank and the other defendants.  Lisa Bridge admits that she is in default of the Note, but disputes Deutsche Bank's right to foreclose on the Note and Mortgage.  Until the court of appeals rules on the Court's final judgment in favor of Deutsche Bank with respect to the foreclosure action, Lisa and William Bridge face continued uncertainty regarding the loss of their home to foreclosure.  A decision by the court of appeals is necessary to finally determine whether Deutsche is legally entitled to be relieved of the financial burden of the defaulted Note, and to eliminate an extended uncertainty by the Bridge's regarding the loss of their home.

(1:07 CV 02739)

Accordingly, the Court concludes that an immediate appeal of the Court's judgement on Deutsche Bank's foreclosure action will alleviate hardship to both Deutsche Bank and the Bridges, and that the alleviation of these hardships best serves the needs of the litigants and outweighs the historic interest of the courts in a single appeal

Lastly, because Deutsche Bank's foreclosure claims are entirely separate from the claims of Lisa and William Bridge against Deutsche Bank and the other remaining defendants, there is little chance that appellate review of this Court's grant of summary judgement on Deutsche Bank's foreclosure claims and decree of foreclosure could be mooted by subsequent developments in this case, or that the court of appeals could be called upon to rule on the same issues twice.   If the court of appeals declines review of the Court's foreclosure judgment at this juncture, it will most certainly review the merits of the Court's Memorandum Opinion and Partial FinaL Judgment Entry as to the foreclosure claims at a later time.

Based on this analysis, the Court believes that the potential advantages of an immediate appeal of the Court's judgment on Deutsche Bank's foreclosure claims outweighs a delayed appeal, and therefore determines that there is no just reason for delay in entering final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of Duetsche Bank on its counterclaim and third-party complaint for foreclosure.  Accordingly, the Court directs and orders the entry of partial judgment in favor of Deutsche Bank with respect to its counterclaim and third-party complaint.

(1:07 CV 02739)

<u>CONCLUSION</u>

For the reasons recited above, Deutsche's motion for summary judgment on the counterclaim and third-party complaint is GRANTED. Plaintiffs' motion for summary judgment is DENIED.

Finding no just reason for delay, the Court will separately publish a partial final judgment entry and decree of foreclosure as to Deutsche Bank's counterclaim and third-party complaint, and this partial judgment and decree of foreclosure shall be entered.

IT  IS SO ORDERED.


 September 6, 2013                        */s/ David D. Dowd, Jr.*
Date                                     David D. Dowd, Jr.
                                         U.S. District Judge

26