DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LISA BRIDGE, et.al, ) | |
| ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER RE MOTION TO STRIKE |
| OCWEN FEDERAL BANK, FSB, et.al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

Before the Court is plaintiffs' Motion to Strike Paragraphs 4, 7, 8, 9, 14, 20 and 22 of the Affidavit of Crystal Kearse (ECF 213-1). (ECF 220). Deutsche Bank responded to motion. (ECF 222). In its Reply Brief to Deutsche's Motion for Summary Judgment, plaintiffs again argued that evidence introduced by a servicer's affidavit is insufficient (ECF 223), so the Court will respond to that argument in this memorandum opinion.

For the reasons set forth below, the Court **DENIES** the Motion to Strike as to paragraphs 4, 7, 8, 9, 20 and 22 of the Affidavit of Crystal Kearse, and does not rule on plaintiffs' motion as to paragraph 14.

**A.    The Affidavit of a Servicer is Competent Evidence to Support Foreclosure by a Noteholder**

In their motion to strike, plaintiffs argued that since Ocwen has no claim to payment in its own right, an affidavit by an Ocwen employee could not provide the requisite foundation for Deutsche's foreclosure–that only Deutsche Bank or its agent could do so.[1]

---

[1] Ocwen is the servicer and attorney-in-fact for Deutsche; it is unclear why Plaintiffs deny Ocwen served as an agent for Deutsche in servicing the Bridge's loan.

(1:07 CV 2739)

Plaintiffs cite as authority for the proposition that an affidavit by a servicer cannot establish a party is a holder a dissent filed Judge Mary Jane Trapp in *Bank of New York Mellon v. Shaffer,* 2012 Ohio 3638, 2012 WL 3264197 (Ohio App. Dist. 11 August 13, 2012).[2] However, plaintiffs' reliance on Judge Trapp's dissent to support their motion to strike is misplaced and inapposite.

In *Shaffer,* the court was considering an application for default judgment on plaintiff bank's foreclosure action based on a complaint that averred that the bank was the holder of the note, but failed to attach a copy of the note, explaining it was "unavailable at this time." Indeed, throughout the entire proceeding, the bank did not produce the note. The Creditor's Affidavit, submitted by an affiant whose personal knowledge and authority, extended only to "negotiate and agree to a settlement of Creditor's claims," declared Bank of New York Mellon held the note by an assignment that had been recorded with the Geauga County--but did not identify the assignee or the volume and page number of the recording. *Bank of New York Mellon v. Shaffer*, 2012 Ohio 3638, ¶ 55, Judge Trapp, dissenting. The copy of the mortgage attached the complaint showed Wilmington Finance, not New York Mellon, as the holder of the mortgage, and Creditor's Affidavit averred the mortgage was recorded two weeks *after* the complaint was filed.

On remand from the Ohio Supreme Court, the 11th District found there was insufficient evidence that New York Mellon held the mortgage on the date complaint was filed, and thus the court lacked subject-matter jurisdiction at the time of the entry of the default.

---

[2] The 11th District Court of Appeals' decision from which Judge Trapp dissented was appealed to the Ohio Supreme Court, which remanded the case back to the 11th District Court of Appeals for application of the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St. 3d 13 (2012). *See Bank of New York Mellon v*. *Shaffer,* 134 Ohio St. 3d 1435 (2013).

2

(1:07 CV 2739)

This case is entirely distinguishable from *Shaffer* on the facts.  Unlike the New York Mellon Bank in *Shaffer*, Deutsche Bank has produced the original and copies of the endorsed note multiple times. It is also undisputed in this case that *three years* before filing the foreclosure complaint, Deutsche Bank produced the original endorsed note at a status conference in *Bridges II*, where it was available for inspection by Mr. Bridge, Plaintiffs' counsel and a Magistrate Judge. The mortgage in this case was validly recorded long before commencement of this action. The key facts that were missing in *Shaffer* have been established here–and not by averment in an affidavit, but by the production of the actual documents.

Further, there is an abundance of state law authority in Ohio that affidavits by servicers constitute competent evidence to support foreclosure by note holders. *See, e.g., Deutsche Bank v. Najar,* 2013 Ohio 1657 (Ohio App. 8th Dist. April 25, 2013); *U.S. Bank v. Gray,* 2013 Ohio 3340 (Ohio App.10th Dist. July 30, 2013); *Bank Natl. Assn. v. Turner*, 2012 Ohio 4592 at ¶¶ 5,13-14 (Ohio App. 8th Dist. October 4, 2012); *Deutsche Bank Natl. Trust Co. v. Ingle,* 2009 Ohio 3886 (Ohio App. 8th Dist. August 6, 2009).

**B.   Personal Knowledge Based Upon Record Review is
      Proper in a Business Records Affidavit**

Federal Rule of Evidence 803(6) speaks to the required conditions for admissibility of business records and provides that such conditions may be shown by the testimony of the custodian of the records.  Crystal Kearse's affidavit establishes that, as part of her job, she serves as business records custodian for Ocwen's documents and loan records for individual borrowers (ECF 213-1 at ¶ 5); that she makes the affidavit based on personal knowledge obtained from reviewing Ocwen's records (*Id.* at ¶ 4); and that such records are maintained as business records

3

(1:07 CV 2739)

consistent with the requirements of Fed. R. Evid. 803 (6) (*Id.* at ¶ 6). Kearse specifically recites that she reviewed the loan origination documents pertaining to the subject loan and the transaction history of Plaintiffs Lisa and William Bridge.

The Court therefore concludes that Ms. Kearse provides an adequate foundation for the evidence in her affidavit set forth in paragraph 4,7,8,9, 20 and 22, and plaintiffs' motion to strike is denied as to those paragraphs.

**C.    The Court Need Not Reach the Issue of the Adequacy of the Foundation of Paragraph 14**

Plaintiffs also seek to strike paragraph 14 of the Kearse Affidavit, which reads:"Deutsche Bank took possession of the note for value and in good faith, and with no knowledge of the claims now being asserted." This paragraph was included in the affidavit to establish that Deutsche is a "holder in due course," and therefore has heightened protection against certain defenses to enforcement. However, the Court did not, and need not, conclude that Deutsche Bank is a "holder in due course" in order to conclude that summary judgment in favor of Deutsche on its foreclosure counterclaim and third-party complaint is appropriate pursuant to Rule 56.

Deutsche argued in its summary judgment motion that it is entitled to enforce the note and foreclose on the mortgage, based on Ohio Revised Code §§1303.31 and 1301201(A)(21).

Ohio Revised Code §1303.31 - Person Entitled To Enforce Instrument, states, in pertinent part:

> "(A) 'Person entitled to enforce' an instrument means any of the following persons:
>
> (1) the holder of the instrument."

4

(1:07 CV 2739)

Ohio Rev. Code § 1303.201(A)(21) (a) provides:

"'Holder' means (a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

There is no genuine dispute that Deutsche Bank is the holder of plaintiffs' note. Based on Ohio's statutory provisions and the evidence in the record, the Court concluded that Deutsche, as the "person" in possession of a negotiable instrument payable to its order, is a person entitled to enforce the instrument. To reach this conclusion, it was not necessary for the Court to decide whether Deutsche Bank is a "holder in due course." For this reason, the question of whether Deutsche Bank is a "holder in due course" is not relevant to the Court's summary judgment analysis, and therefore the Court need not decide if an adequate foundation is provided for Paragraph 14 of the Kearse Affidavit.

**D.     No Just Reason for Delay**

The affidavit of Crystal Kearse at issue in plaintiffs' motion to strike was submitted by Deutsche Bank in support of its motion for summary judgment on its foreclosure counterclaim and third-party complaint. For the same reasons that the Court concluded that there is no just reason for delay pursuant to Rule 54(b) with respect to the Court's ruling granting summary judgment in favor of Deutsche Bank on its foreclosure counterclaim and third-party complaint, as set forth in the Court's memorandum opinion filed contemporaneously herewith, the Court also concludes that there is no just reason for delay pursuant to Rule 54(b) with respect to the Court's ruling on plaintiffs' motion to strike. Accordingly, the Court directs and orders the entry of a partial judgment with respect to the Court's denial of plaintiffs' motion to strike the affidavit of Crystal Kearse.

(1:07 CV 2739)

**E.      Conclusion**

For the reasons contained herein, plaintiff's Motion to Strike is denied as to Paragraphs 4, 7,8, 9, 20 and 22 of the Kearse Affidavit. The Court does not, and need not, decide plaintiffs' motion with respect to paragraph 14, and accordingly, the Clerk is directed to terminate plaintiffs' motion as to paragraph 14 of the Kearse affidavit as moot.

Finding no just reason for delay, the Court will separately publish a partial final judgment entry as to the Court's ruling on plaintiffs' motion to strike, and this partial judgment shall be entered by the Clerk.

IT IS SO ORDERED.

| | |
|---|---|
| September 6, 2013 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |