DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Lisa Bridge, et al., ) | |
| ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, ) | |
| ) | |
| v. ) | PARTIAL FINAL JUDGMENT ENTRY |
| ) | UNDER RULE 54(b) AND DECREE OF |
| Ocwen Federal Bank, FSB, et al., ) | FORECLOSURE |
| ) | |
| Defendants. ) | |
| ) | |

This matter came before the Court on counterclaimant and third-party plaintiff Deutsche Bank's motion for summary judgment (ECF 213) on its foreclosure counterclaim and third-party complaint. The property that is the subject of Deutsche Bank's foreclosure action (the "Property") is as follows:

> Situated in the Township of Russell, County of Geauga and State of Ohio and known as part of Lot No. 3 in Tract No. 1 and further bounded and described as follows:
>
> Beginning at 1 ½" diameter iron pipe found (1.57 feet) South, 0.22 feet West), in the Easterly line of said original Lot No. 3 at the Northwesterly corner of land conveyed to M.R. & J.A. Ryan by deed recorded in Volume 793, Page 1070 of Geauga County Deed Records;
>
> Thence North 86°48' 15" West, along the Southerly line of land conveyed to N.I. Friedman by deed recorded in Volume 937, Page 999 of Geauga County Deed Records, a distance of 232.13 feet to a 1 ½" diameter iron pipe found (0.16 feet North, 0.02 feet West), said point being the Principal Place of Beginning of the premises herein intend to be described;
>
> Course 1    Thence North 03° 40' 36" East, along the Westerly line of said N.I. Friedman, a distance of 734.66 feet to a 5/8" diameter iron pin set and capped in the Southerly line of lands conveyed to Geauga County Board of Commissioners by deed recorded in Volume 1179, Page 679 of Geauga County Deed Records;

Case: 1:07-cv-02739-JRA  Doc #: 228  Filed:  09/06/13  2 of 5.  PageID #: 2735

(1:07 CV 2739)

| | |
|---|---|
| Course II | Thence North 85° 46' 00" West, along said Southerly line of lands conveyed to said Geauga County Board of Commissioners, passing through a 5/8" diameter capped iron pin found at a distance of 30.39 feet, a total distance of 200.00 feet to a 5/8" diameter iron pin set and capped; |
| Course III | Thence South 03° 40' 36" West, along the proposed lot split line, a distance of 738.28 feet to a 5/8" diameter iron pin set and capped; |
| Course IV | Thence South 86° 48' 15" East, along the Northerly line of the residual lands conveyed to Sherlee Palladino, a distance of 200.00 feet to a 1 ½" diameter iron pipe found (0.16 feet North, 0.02 feet West), said point being the Principal Place of Beginning as calculated and described by Bruce R. Landeg, Registered Surveyor No. 7985, in August, 1999. Bearings used herein refer to an assumed merdian and are intended to indicate angles only.@ |

9099 Fairmount Road, Novelty, OH
26-214120

In considering Deutsche Bank's motion for summary judgment, the Court examined Deutsche's foreclosure counterclaim and third-party complaint and exhibits thereto, the responses filed by Lisa and William Bridge, and all of the evidence submitted.  For the reasons contained in the memorandum opinion filed contemporaneously with this Partial Final Judgment Entry and Decree of Foreclosure, the Court finds that there is no genuine dispute as to any material fact and that defendant Deutsche Bank is entitled to judgment in its favor on its counterclaim and third-party complaint as a matter of law.  The Court further finds that reasonable minds can come to but one conclusion which is adverse to plaintiff and third-party defendants, and therefore, Deutsche Bank's motion for summary judgment on its counterclaim and third-party complaint is GRANTED.[1]

---

[1] Plaintiffs' motion for summary judgment is DENIED.

(1:07 CV 2739)

The Court finds that plaintiff Lisa Bridge executed the promissory note referenced in Deutsche Bank's counterclaim (the Note) and therefore promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that counterclaimant and third-party plaintiff Deutsche Bank is the owner and holder of the Note, and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that plaintiffs Lisa Bridge and William Bridge executed and delivered the mortgage referenced in Deutsche Bank's counterclaim and third-party complaint (the Mortgage), that Deutsche Bank is the owner and holder of the Note, and that the Mortgage secures the amount due under the Note.

The Court further finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made.  The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Deutsche Bank is entitled to have the equity of redemption and dower of the current title holder(s) foreclosed.

The Court further finds that, as of August 2, 2013, there is due on the Note principal in the amount of $450,899.83, plus interest on the principal amount of $226,309.21, plus escrow advances in the amount of $86,244.25, plus late charges, costs and fees in the amount of $23,237.38, for a total of $786,690.67, plus per diem interest in the amount of $107.71.

(1:07 CV 2739)

The Court further finds that in addition to the above, there may be due to Deutsche Bank under the terms of the Note and Mortgage 1) sums advanced after August 2, 2013 to pay real estate taxes, assessments, insurance premiums, and property protection, and 2) attorney fees, costs and expenses incurred for the enforcement of the Note and Mortgage, which sums, if any, will be determined by further order of this Court, except to the extent that one or more specific such items is prohibited by Ohio law, and except to the extent that an adjustment may be appropriate as a consequence of plaintiff Lisa Bridge's payments into the Court's Registry commencing on July 5, 2013.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property.  The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the Property.  However, Deutsche Bank's Mortgage is junior in priority under Ohio law to any lien held by the County Treasurer to secure the payment of real estate taxes and assessments.  All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to the other lien holders.  The United States of America has asserted an interest in the Property, and shall have a right to redeem as set forth in 28 U.S.C. § 2410.  All parties that have filed answers to Deutsche Bank's third-party complaint asserting a valid and subsisting lien shall be paid from the proceeds of the sale of the Property, if any, in the order of their rightful priority.

(1:07 CV 2739)

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums found to be due to Deutsche Bank are fully paid within ten (10) days from the date of this Partial Final Judgment Entry and Decree of Foreclosure, the equity redemption of the title holder(s) in the Property shall be foreclosed and the Property shall be sold free of the interest of all parties to this action subject to redemption by the judgment debtor pursuant to Section 2329.33 of the Ohio Revised Code, and in accordance with the procedures set forth in the court's Sixth Amended General Order 2006-16.

In addition, an order of sale shall issue to the Master Commissioner directing him to appraise, advertise, and sell the Property according to the law and orders of this Court and to report his proceedings to the Court. Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED for the reasons contained in the memorandum opinion filed contemporaneously with this Partial Final Judgment Entry, that plaintiff's motion to strike the affidavit of Crystal Kearse is DENIED.

IT IS SO ORDERED.

| September 6, 2013 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |