DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lisa Bridge, et al., ) | |
| ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, ) | |
| ) | |
| v. ) | <u>ORDER</u> |
| ) | |
| Ocwen Federal Bank, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Presently pending before the Court is plaintiffs' motion for the Court to recuse itself from this case. ECF 276. Plaintiffs seek recusal "due to recent information learned" that the Court previously recused in Case No. 1:09 CV 2947. Case No. 1:09 CV 2947 was a removed declaratory judgment and quiet title action involving plaintiffs' residence in Geauga County.

The Court recused from Case No. 1:09 CV 2947 four days after the case was removed to federal court. The Court's recusal order in Case No. 1:09 CV 2947 reflects that recusal was made pursuant to 28 U.S.C. § 455. Case No. 1:09 CV 2947 was then assigned to Judge Solomon Oliver, and the case was closed on September 29, 2010 when Judge Oliver granted defendant's motion to dismiss.

Plaintiffs contend that the Court must now recuse itself pursuant to 28 U.S.C. § 455(a) in this case because the Court recused from Case No. 1:09 CV 2947 on December 22, 2009, and "prejudice can be presumed in the case at bar." ECF 276, p. 4. Because of this presumed prejudice, plaintiffs contend that the Court's orders and judgments in this case should not have been entered. Plaintiffs' motion for recusal states that their pending motion to vacate (ECF 278)

(1:07 CV 2739)

sets forth "multiple instances of recent conduct prejudicial to Plaintiffs and which was contrary to law." ECF 276, n. 1. Plaintiffs' motion to vacate is not yet ripe for ruling. However, the Court has carefully examined the motion for "recent conduct prejudicial to Plaintiffs" in the context of plaintiffs' motion for recusal. The allegedly prejudicial conduct identified by the plaintiffs includes the Court's case management plan and multiple decisions and rulings which plaintiffs assert are erroneous and contrary to law.

A.  Standard for Recusal under 28 U.S.C. § 455(a)

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under this objective standard, a district court judge must recuse himself when a reasonable person with knowledge of all the facts might reasonably question a judge's impartiality. *U.S. v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013). A party's subjective belief and conclusory allegations of bias or prejudice are not sufficient to mandate recusal under § 455(a). *Ullmo v. Gilmour Academy,* 273 F.3d 671, 681 (6th Cir. 2001).

"[A] judge is presumed impartial, and a party seeking disqualification 'bears a substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.,* 234 F.App'x 341, 352 (6th Cir. 2007) (quoting *U.S. v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "The burden is not on the judge to prove that he is impartial." *Id.* (citing *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). Prejudice or bias sufficient to justify recusal must be a personal bias arising from the judge's background or association, as distinguished from a judge's view of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

(1:07 CV 2739)

B.  Analysis

Numerous federal courts have ruled that mere conclusory allegations of prejudice are insufficient to support recusal pursuant to § 455(a). Recusal from a related case[1] does not create a presumption of prejudice and is not alone sufficient to support recusal from another case. *See Exxon Mobil Corp. v. U.S.,* 110 Fed. Cl. 407, 410 (April 6, 2013).

Further, plaintiffs' dissatisfaction with the Court's case management plan and with various decisions and rulings do not demonstrate personal bias or prejudice required to establish a basis for recusal under § 455(a). Adverse rulings by a district court judge during the course of proceedings do not establish bias or prejudice which will disqualify a presiding judge. *See Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir. 1956); *Gordon v. U.S.* 2010 WL 518148 at *3 (well-settled that adverse rulings do not establish bias or prejudice (citing *Knapp*, 232 F.2d 458)).

Plaintiffs have not advanced any objective extrajudicial facts from which a reasonable person could question the impartiality of the Court. Plaintiffs' conclusory subjective beliefs of "presumed prejudice," and that the Court's various decisions in this case are prejudicial and contrary to law, are insufficient to establish a basis for recusal. The Court has as much a duty not to recuse in the absence of a basis to do so as he does to recuse when the moving party has established a legitimate basis for recusal. *Ostevoll v. Ostevoll*, 2000 WL 1611123 at *6 (S.D. Ohio August 16, 2000).

---

[1] The Court will assume for the purpose of this analysis that Case No. 1:09 CV 2947 was related to the instant action.

(1:07 CV 2739)

The legal insufficiency of plaintiffs' motion for recusal is grounds for denial of the motion. However, it is also worth noting that courts have required recusal motions to be made "at the first opportunity after discovery of the facts requiring disqualification." *Exxon Mobil Corp.,* 110 Fed. Cl. at 411 (quoting *Hoffenberg v. U.S.*, 333 F.Supp.2d 166 (S.D.N.Y. 2004)); *Gordon,* 2010 WL 518148 at *2-3 (S.D. Ohio February 1, 2010) (citing *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Prompt motions afford the judge an opportunity to assess the merits of the motion before taking further steps in the case and avoiding the risk that untimely motions will be interposed for "tactical and strategic reasons" and that judicial resources will be wasted. *See Exxon Mobil Corp.,* 110 Fed. Cl. at 411 (citations and quotations omitted).

Plaintiffs' instant motion was filed more than four years after the undersigned's recusal in Case No. 1:09 CV 2947, which plaintiffs now claim serves as a basis for their recusal motion. The plaintiffs in this case and in Case No. 1:09 CV 2947 are identical. Plaintiffs were represented in Case No. 1:09 CV 2947 by one of plaintiffs' counsel in the instant case, Attorney James Douglas, until Attorney Douglas was terminated by plaintiffs on September 30, 2013. The docket and documents in Case No. 1:09 CV 2947 are all a matter of public record. Plaintiff William Bridge has been present at virtually every proceeding and conference in this case, and appears to have been intensely engaged with his counsel regarding this case. Plaintiffs' motion for recusal contains no explanation that would establish good cause for a delay of this magnitude in the filing of their motion.

(1:07 CV 2739)

For the reasons discussed above, the Court concludes that plaintiffs' motion for recusal of the undersigned is without merit and is DENIED.

The docket sheet in this case reflects that plaintiffs are now registered for electronic filing. Therefore, mail service of the Court's orders is no longer necessary.

IT IS SO ORDERED.

| | |
|---|---|
| February 28, 2014 | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |