DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Bridge, et al., | ) | |
| | ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Ocwen Federal Bank, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

The Court previously issued ruling dismissing counts II, VII and VIII in their entirety, and

partially dismissing counts III, IV, V, VI, and IX, of plaintiffs' third amended complaint.  *See*

ECF 175 and 176.  The remaining counts of plaintiffs' third amended complaint (complaint)

(ECF 148) after that ruling are as follows:

• Count I - Federal Fair Debt Collection Practices Act.

• Count III - Ohio Consumer Sales Act only as to violations occurring on or after May 31,
2010 and damages therefrom.

• Count IV - Slander of Credit  only as to violations occurring on or after May 31, 2010
and damages therefrom.

• Count V - Spoilation of Evidence predicated on spoilation on or after May 31,
2010 as to Counts III and IV, and after May 31, 2008 on Count VI for loss of consortium
(cannot be predicated on counts previously dismissed, i.e. Count II-Telephone Consumer
Protection Act; Count VII-Declaratory Judgment; Count VIII-UCC3-418).

• Count VI - Loss of Consortium predicated on loss of consortium on or after May 31,
2008, and only as to claims remain at issue.[1]

---

[1]     Plaintiffs stated that they are dismissing their claims for loss of consortium.  *See*
Plaintiffs' response to Deutsche Bank's Interrogatory No. 12 and Request for
Production No. 15 (ECF 233-9); Plaintiffs' response to Ocwen's Interrogatory No.

(1:07 CV 2739)

> • Count IX - Civil Conspiracy-cannot be predicated on counts previously dismissed (Counts II, VII and VIII) and cannot be predicated on acts in conspiracy relating to Claims III and IV prior to May 31, 2010, and Count VI prior to May 31, 2008.

*See* ECF 229.

The Court established a dispositive motion schedule for the claims remaining in plaintiffs' third amended complaint, exclusive of count I and part of count IX (*see* ECF 229) and defendants timely filed a motion for summary judgment (ECF 233).  Defendants subsequently also filed a motion for summary judgment on count 1 and part of count IX (ECF 273).[2]

Plaintiffs requested multiple extensions of time to respond to defendants' motion for summary judgment filed on September 20, 2013 (ECF 233), which the Court granted, including a final extension of time which was not requested by plaintiffs.  See ECF 286, 254, 252, 248, 243 and 239.  Plaintiffs have not opposed defendants' motion for summary judgment (ECF 233).

With respect to defendants' second motion for summary judgment filed on January 17, 2014 (ECF 273), the Court also granted plaintiffs' request for additional time to respond.  ECF 282.  Plaintiffs have not opposed defendants' second motion for summary judgment (ECF 273).

For the reasons that follow, defendants' motion for summary judgment on count I and part of count IX (ECF 273) is granted.  Defendants' motion for summary judgment on the

---

2 and Request for Production No. 11 (ECF 233-10).  However, no dismissal has been filed.

[2]    The Court had not yet established a motion schedule for count I and part of count IX at the time defendants' motion (ECF 273) was filed.  The Court construes defendants' motion to implicitly contain a request to file *instanter*, which is granted.

2

(1:07 CV 2739)

remaining claims of plaintiffs' third amended complaint (ECF 233) is granted.

BACKGROUND

The procedural background of this case is more complicated than the factual history. In an earlier opinion, the Court detailed the procedural background, including the history of other lawsuits and circuit court cases that are part of the backdrop of this case. *See* ECF 226.

A.     Background Summary

The factual background of this case is relatively straight forward. The basic background facts involve Lisa Bridge's purchase of a house in Geauga County that became the catalyst for the disputes in this case. The parties do not dispute that, on December 7, 2001, plaintiff Lisa Bridge signed a mortgage and note for residential property located at 9099 Fairmount Road in Russell, Ohio (Permanent Parcel No. 26-214120). The original lender was Aames, who is no longer a party to this lawsuit. Plaintiff William Bridge did not sign the note and signed the mortgage only for the purpose of releasing his dower rights in the property. The mortgage, note and loan servicing were assigned/transferred by Aames shortly thereafter, the particulars of which are detailed below.

The events leading to this dispute were originally triggered by Lisa Bridge's April 2002 mortgage loan payment. It would be an understatement to say that confusion surrounded the April payment with respect to the availability of funds in Lisa Bridge's checking account and whether checks were sent and/or received. In the end, Lisa Bridge alleges that she made two mortgage payments in April 2002 but was credited for only one payment. Plaintiffs claim that this missing payment set in motion a series of events which they allege violated both federal and

3

(1:07 CV 2739)

state laws in connection with defendants' efforts to collect the mortgage loan debt owed by Lisa Bridge.

Details of additional undisputed facts relevant to the Court's ruling on defendants' summary judgment motions are detailed in the analysis, *infra*.

B.     Plaintiffs' Complaints

Plaintiff Lisa Bridge's original complaint was filed September 11, 2007.  Lisa Bridge was the only plaintiff.  Ocwen Federal Bank and Ocwen Loan Servicing (Ocwen defendants), among others who are no longer parties to this action, were defendants in that lawsuit.

Plaintiff Lisa Bridge filed her first amended complaint on December 20, 2007.  Lisa Bridge was the only plaintiff.  In addition to the Ocwen defendants, the first amended complaint added Duetsche Bank National Trust Co. (Deutsche Bank) fka Bankers Trust Company of California,[3] as a defendant.  Deutsche Bank was not named as a defendant in the original complaint.  Like the original complaint, the first amended complaint asserted a FDCPA claim.

The second amended complaint was filed on April 24, 2009, by both Lisa Bridge and her husband, William Bridge.  The Ocwen defendants and Deutsche Bank were also defendants in the second amended complaint.  In the second amended complaint, William Bridge claimed that even though Lisa Bridge's mortgage loan was not his obligation, Ocwen made numerous phone calls to him between July 2002 and October of 2007 and engaged in other conduct in an effort to

---

[3]     Deutsche Bank National Trust Company, fka Bankers Trust Company of California, is the Trustee for Aames Mortgage Trust, 2002-1 Mortgage Pass Through Certificates, Series 2002-1.  See ECF 179; 179-4; 207-4.  Deutsche Bank is a national bank association.  ECF 233-8.

4

(1:07 CV 2739)

collect the mortgage debt owed by Lisa Bridge, all of which allegedly violated the FDCPA.[4]

After filing her second amended complaint, Lisa Bridge filed a state court action for declaratory judgment that the assignment of her note and mortgage from Aames to Deutsche was invalid to create a debt and security interest in the property, and to quiet title.  That state court action was removed to federal court in the Northern District of Ohio, Case No. 1:09 CV 2947 (Bridges II).  In Bridges II, Judge Oliver granted Deutsche Bank's motion to dismiss and was affirmed by the Sixth Circuit.  *See also Clark v. Lender Processing Services*, 949 F.Supp.2d 763, 770 (N.D. Ohio 2013) (litigant who is not a party to an assignment lacks standing to challenge the assignment) (citing *Bridge v. Aames Cap. Corp.*, 2010 WL 3834059 at *3 (N.D. Ohio Sept. 29, 2010)).

The third amended complaint was filed on May 31, 2012, by both Lisa Bridge and William Bridge.  The Ocwen defendants and Deutsche Bank are the only defendants in the third amended complaint.  Like the second amended complaint, William Bridge alleged that Ocwen made multiple phone calls to him between July 2002 and October of 2007 and engaged in conduct to collect the mortgage debt owed by Lisa Bridge that violated the FDCPA.

In response to plaintiffs' third amended complaint, Deutsche Bank filed a counterclaim for foreclosure and third party complaint related to its foreclosure counterclaim.  ECF 198.  The Court has already ruled on Deutsche Bank's motion for summary judgment on its foreclosure

---

[4]     The Court dismissed plaintiffs' second amended complaint pursuant to Rule 12(b) on the basis that defendants were not debt collectors within the meaning of the FDCPA.  However, the Sixth Circuit reversed and returned the case.  *See Bridge v. Ocwen Federal Bank*, 681 F.3d 355 (6th Cir. 2012).

(1:07 CV 2739)

counterclaim and third party complaint.  ECF 226.  In granting Deutsche Bank's motion, the

Court found, among other facts, that it is undisputed that Deutsche Bank was the current holder

of the note secured by the mortgage on the property, and that plaintiff Lisa Bridge has admitted

that in the fall of 2007, shortly after filing this lawsuit, she stopped paying on the note.[5]

Certain claims of plaintiffs' third amended complaint have already been dismissed on the

basis of Judge Oliver's ruling in Bridges II, the statute of limitations, and other grounds.  ECF

175.  The claims remaining in plaintiffs' third amended complaint are listed in the introduction,

*supra*.

C.    Loan Payment History

In April of 2002, difficulties with Lisa Bridge's bank and her checks for the monthly

payment on the note triggered the events leading to this litigation.  Lisa Bridge's issues with her

bank - FirstStar's - handling of the checks have already been resolved between them.

Important for consideration of defendants' motions for summary judgment is whether and

when plaintiff was in "default" of her payments.  The note executed by Lisa Bridge states: "If I

do not pay the full amount of each monthly payment on the date it is due, I will be in default."

The note provides for a 10 day grace period before a late charge is assessed.  ECF 273-2, par. 6.

---

[5]    After issuing its memorandum opinion ruling that Deutsche Bank was entitled to
summary judgment on its foreclosure counterclaim and third-party complaint, the
Court issued a partial final judgment entry pursuant to Rule 54(b) and decree of
foreclosure.  ECF 228.  Plaintiffs have appealed this partial final judgment entry
and that appeal is pending before the Sixth Circuit Court of Appeals, Case No. 13-
4226.  By certifying a partial final judgment for appeal pursuant to Rule 54(b), the
Court does not divest itself of jurisdiction over the remaining claims.  *See e.g.*
*Karim -Panahi v. Los Angeles Police Department*, 15 F.3d 1086, 1994 WL 5524
at *1 (C.A. 9 (Cal.)).

(1:07 CV 2739)

Paragraph 21 of the mortgage signed by Lisa Bridge states that "[i]f any monthly installments under the Note . . . is not paid when due . . ." the lender may accelerate payments under the note. ECF 273-3.

Lisa Bridge's April 2002 note payment was due by April 2. ECF 273-6. The undisputed record of Lisa Bridge's loan payment transaction history reflects that 3 payments were credited to Lisa Bridge in April 2002. Of those three payments (April 4, April 9, and April 23), two payments were reversed for insufficient funds or reasons other than insufficient funds. The third payment received on April 23, 2002 was credited to the payment due on April 2, 2002. *Id.*

Before the April 23d payment was received, the lender Aames Funding Corporation, who is no longer part of this lawsuit, issued a letter to Lisa Bridge dated April 20, 2002 advising that her loan was in default because of non-payment and that she could cure the default by paying the overdue amount no later than May 21, 2002. ECF 206-6. Aames' record of Lisa Bridge's payments reflects that her payment on April 23, 2002 was applied to the payment that was due by April 2, 2002. On April 30, 2002, Lisa Bridge was not in default and her May payment was due by May 2.

It is undisputed that from June 2002 - September 2007, Lisa Bridge's monthly mortgage loan payments were not paid on time, with a few brief exceptions, until she stopped paying on the note entirely after filing the instant lawsuit in September 2007.[6] *See* ECF 273-2 and 205-1.

---

[6]     Lisa Bridge admits that she has not made any payments on the note since around September 2007. Plaintiffs' response to Deutsche Bank's Interrogatory No. 17 and Request for Admission Nos. 11-12. ECF 233-9. According to the Handville affidavit, Lisa Bridge is contractually due to pay the November 2007 payment. Handville Aff. at par. 16.

(1:07 CV 2739)

D.     Transfer of Loan Servicing to Ocwen

By letter dated April 15, 2002, Aames notified Lisa Bridge that the servicing of her

mortgage loan was being transferred to Ocwen Federal Bank effective April 30, 2002.  ECF 206-

7.  It is not disputed that when Ocwen began servicing the loan, Lisa Bridge had paid the April

2002 mortgage loan payment, and was not in default.  *See* ECF 206-6, 206-7, 233-1, 273-6.

E.     Transfer of Loan to Deutsche Bank

Lisa Bridge's note and mortgage were assigned to Bankers Trust of California in trust for

the benefit of the holders of the Aames Mortgage Trust 2002-1 mortgage pass through

certificates series 2002-1.  ECF 273-2, 273-3.  On April 15, 2002, Bankers Trust was renamed

Deutsche Bank National Trust Company.  ECF 273-1; 179-4.

The servicing and pooling agreement between Aames, Ocwen and Bankers Trust of

California regarding the Aames Mortgage Trust is dated March 1, 2002.  In Section 2.03 of the

mortgage pooling and servicing agreement, the trustee acknowledges the sale and assignment to

the trust and receipt of the original mortgage notes, assignments, and mortgages.  ECF 208-2; *see*

*also* ECF 233-2 (mortgage assigned from Aames to Bankers Trust).

Deutsche Bank, formerly Bankers Trust of California, is the trustee for the Aames

Mortgage Trust.  The specific date that Deutsche Bank acquired the note is relevant to certain

claims against Deutsche Bank advanced by plaintiffs.  The record advanced by defendants

regarding the date Deutsche Bank acquired Lisa Bridge's loan reflects at least two different dates.

According to the affidavit of Gina Johnson, Deutsche Bank acquired Lisa Bridge's loan

from Aames on or about May 3, 2002.  ECR 100-5.  The affidavit of Howard Handville avers

8

(1:07 CV 2739)

that Deutsche Bank acquired the loan from Aames "effective May 2002."  ECF 233-1.

According to the affidavit of Crystal Kearse, Deutsche Bank acquired the loan effective

March 1, 2002.  ECF 273-1.  March 1, 2001 is the date of the mortgage pooling and servicing

agreement between Bankers Trust of California, Aames and Ocwen.

### SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the "court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  *See Celotex Corp. v. Catrett,* 477

U.S. 317, 322 (1986).  Once the moving party presents evidence to meet this burden, the

nonmoving party may not rest on the pleadings, but must advance some probative evidence to

demonstrate that there is a genuine dispute as to a material fact and the moving party is not

entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 324.

Even if the motion for summary judgment is not opposed, the court must examine the

evidentiary materials advanced by the moving party and determine whether that evidence, if

undisputed, entitles the moving party to judgment as a matter of law.  *Byrne v. CSX Transp., Inc.,*

541 Fed.Appx. 672, 675 (6th Cir. 2013) (citing *Delphi Auto, Sys., LLC v. United States, Inc.,*

Fed.Appx. 374, 380-81 (6th Cir. 2011) (quoting *Carver v. Bunch,* 946 F.2d 451, 454-55 (6th Cir.

1991))).  However, the court is not required to search the record *sua sponte* to establish that it is

bereft of a genuine issue of material fact.  *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079,

1087 (6th Cir.1996).

9

(1:07 CV 2739)

## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

A.    <u>Count I - Fair Debt Collection Practices Act</u>

In order to succeed on a claim for a violation of the FDCPA, plaintiffs must prove that: 1) they are "consumers" under the FDCPA; 2) the debt arose out of a transaction entered into for personal, family, or household purposes; 3) the defendant is a "debt collector" as defined by the FDCPA; and 4) the defendant violated a provision of the FDCPA.  *See Clark,* 949 F.Supp.2d at 774.  In this case, the first two factors are met.

In count I of their third amended complaint, plaintiffs allege that defendants Deutsche Bank and Ocwen violated certain provisions of the federal Fair Debt Collection Practices Act: 15 U.S.C. § 1692c (communications in connection with debt collection), U.S.C. § 1692d (harassment or abuse), and 15 U.S.C. § 1692e (false or misleading representations).  The FDCPA violations alleged by plaintiffs include falsely representing the character, amount and legal status of Lisa Bridge's mortgage debt and engaging in unlawful communications in connection with that debt.

FDCPA applies to debt collectors, not to creditors collecting their own debt.  As explained by the Sixth Circuit, the distinction between a creditor and debt collector lies in language of § 1692a(6)(F)(iii).  "For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or debt collector depending on the default status of the debt when it was acquired.  The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred."  *Lisa Bridge v.*

(1:07 CV 2739)

*Ocwen Federal Bank*, 681 F.3d at 359 (citations omitted).  The protections of the FDCPA apply to both people who owe money and people who do not owe any money at all.  *Id.*   The statute of limitations for bringing a FDCPA claim is one year from the date of the alleged violation. 15 U.S.C. § 1692k(d).

    1.    *William Bridge's FDCPA claims against Deutsche Bank and Ocwen*

William Bridge first filed his claims against Deutsche Bank and the Ocwen defendants on April 24, 2009 in the second amended complaint.  He alleges that Deutsche Bank and the Ocwen defendants violated the FDCPA with respect to alleged conduct occurring between July 2002 and October 2007 related to the defendants' efforts to collect the mortgage debt owed by Lisa Bridge. Lisa Bridge filed her original complaint on September 11, 2007.

The statute of limitations for bringing a FDCPA claim is one year.  William Bridge brought his FDCPA claims against Deutsche Bank and Ocwen on April 24, 2009.  FDCPA claims by William Bridge for alleged conduct occurring before April 24, 2008 are barred by the statute of limitations.

The alleged conduct by Ocwen and Deutsche Bank between July 2002 and October 2007 that William Bridge claims violated the FDCPA is barred by the one year statute of limitations. In response to defendants' summary judgment motion, William Bridge has not advanced any evidence of FDCPA violations by any of the defendants after April 24, 2008.  Accordingly, with respect to William Bridge's FDCPA allegations in count 1 of plaintiffs' third amended complaint, defendants are entitled to judgment as a matter of law.

(1:07 CV 2739)

      2.     *Lisa Bridge's FDCPA claim against Ocwen*

Lisa Bridge first asserted her FDCPA claim against Ocwen on September 11, 2007. In her third amended complaint, plaintiff alleges that Ocwen violated the FDCPA in the following ways:

> a) Making false, deceptive and misleading representations regarding the character, amount or legal status of Lisa Bridge's debt in violation of 15 U.S.C. § 1692e(2)(a);
>
> b) Threatening to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);
>
> c) Falsely representing or implying that Lisa Bridge committed a crime or other wrongful conduct in violation of 15 U.S.C. § 1692e(7);
>
> d) Falsely representing or using deceptive means to collect Lisa Bridge's mortgage debt in violation of 15 U.S.C. § 1692e(10);
>
> e) Causing Lisa Bridge's phone to ring continuously to collect Lisa Bridge's mortgage debt in violation of 15 U.S.C. § 1692d(5) and 1692c.

Whether Ocwen is a debt collector under the FDCPA depends on the status of Lisa Bridge's loan when Ocwen began servicing the loan. *Bridge*, 681 F.3d at 359. Ocwen began servicing Lisa Bridge's loan "effective April 30, 2002." Plaintiffs' third amended complaint states that Ocwen assumed servicing of Lisa Bridge's loan on May 1, 2002.

On April 30 and May 1, 2002, Lisa Bridge was not in default of her April 2002 note payment. Although there were difficulties of various sorts with Lisa Bridge's payments during April, and Aames notified Lisa Bridge by letter dated April 20, 2002 that she was in default of her April payment (ECF 206-6), Aames' default letter stated that if the April payment was received by May 21, 2002, the default would be cured. The undisputed record of Lisa Bridge's

12

(1:07 CV 2739)

April 2002 mortgage payments reflects that Lisa Bridge made a payment on April 23, 2002 that was credited by Aames to the payment that was due on April 2, 2002. By the terms of Aames' default letter and the affidavit of Crystal Kearse, Lisa Bridge was not in default of her note payment when Ocwen began servicing Lisa Bridge's loan effective April 30, 2002.

Further, plaintiffs' third amended complaint does not claim that the Lisa Bridge was in default on May 1, 2002. However, plaintiffs' complaint does allege that Ocwen "treated Lisa Bridge's mortgage as if it was in default" when Ocwen began servicing the mortgage loan effective April 30, 2002. ECF 148, par. 4. However, the factual basis for this allegation is belied by plaintiffs' complaint itself, and Lisa Bridge has not advance any evidence in response to defendants' summary judgment motion that creates a fact dispute as to whether Ocwen considered Lisa Bridge to be in default when Ocwen began servicing her loan on May 1, 2002.

Lisa Bridge's allegation that Ocwen treated her as if she was in default revolves around the status of her *May* 2002 payment, not her April 2002 payment. Plaintiff alleges in her third amended complaint that Ocwen "would [not] acknowledge receipt of the double payment for April, 2002, and Ocwen Bank instead began dunning [plaintiffs] for the allegedly overdue *May, 2002* payment." ECF 148, par. 22 (emphasis added). The default status of Lisa Bridge's May payment would have been an issue *after* Ocwen began servicing the loan.

When Ocwen took over loan servicing, Lisa Bridge's May 2002 payment was due, but *not overdue*. At that moment, she was not in default of her April or May 2002 payment. Lisa Bridge has advanced no evidence that Ocwen *considered* her to be in default of her April 2002 payment on May 1, 2002 when Ocwen began servicing her loan. As a consequence, Ocwen is

13

(1:07 CV 2739)

not a debt collector under the FDCPA. If Ocwen subsequently considered Lisa Bridge to be in default of her *May* payment, that has no bearing on the status of Lisa Bridge's loan on May 1, 2002 when Ocwen began servicing her loan, and no bearing on Ocwen's status as a debt collector for a default that occurred *after* loan servicing began.

Lisa Bridge has not advanced any evidence in response to defendants' motion for summary judgment that she was in default, or that Ocwen considered her to be in default, when Ocwen began servicing her loan on May 1, 2002. As a consequence, Ocwen is not a debt collector under the FDCPA, and the Ocwen defendants are entitled to judgment as a matter of law as to Lisa Bridge's allegations in count I of plaintiffs' third amended complaint.

However, even if Ocwen were a debt collector, Ocwen is entitled to judgment as a matter of law on count I of Lisa Bridge's third amended complaint. As discussed in greater detail in the following section, the undisputed evidence advanced by defendants in support of their motion for summary judgment on count I reflects that Lisa Bridge was in almost continuous default of her note payments from June 2002 through October 2007 and that Ocwen and Deutsche were legally entitled to collect the debt. When faced with a motion for summary judgment, plaintiff cannot rely on the allegations in her pleadings as she did in response to defendants' Rule 12(b) motion to dismiss. Lisa Bridge has not advanced any evidence before the Court in response to defendants' motion for summary judgment on count I that in attempting to collect plaintiff's mortgage debt, Ocwen's representations regarding Lisa Bridge's mortgage debt were false, that Ocwen threatened to take action it could not legally take, that Ocwen represented Lisa Bridge committed a crime, or that Ocwen's communications with Lisa Bridge violated the FDCPA.

14

(1:07 CV 2739)

      3.    *Lisa Bridge's FDCPA claims against Deutsche Bank*

Lisa Bridge added Deutsche Bank to this lawsuit in her first amended complaint on

December 20, 2007.  In her third amended complaint, Lisa Bridge claims that Deutsche Bank

violated the FDCPA.  Whether Deutsche Bank is a debt collector and subject to the FDCPA

depends on the status of Lisa Bridge's loan when Deutsche acquired the loan from Aames.

*Bridge*, 681 F.3d at 359.

      The record before the Court contains at least two dates that Deutsche Bank states are the

dates that it acquired Lisa Bridge's loan.  Lisa Bridge has not come forward with any evidence in

response to defendants' summary judgment motion disputing that one of those dates is not the

actual date that Deutsche Bank acquired Lisa Bridge's loan.  Therefore, it is at least undisputed

that Deutsche Bank acquired Lisa Bridge's loan on March 1 or May 3, 2002.

      On summary judgment, defendants advance the affidavit of Crystal Kearse (ECF 273-1)

which avers that Deutsche Bank acquired Lisa Bridge's loan on March 1, 2002.  March 1, 2002 is

the date of the servicing and pooling agreement between Aames, Ocwen and Bankers Trust.

      In response to defendants' motion for summary judgment, Lisa Bridge has not advanced

any evidence at all disputing this date.  There is no evidence before the Court that Lisa Bridge

was in default of her loan on March 1, 2002.  If Lisa Bridge was not in default when Deutsche

Bank acquired her loan, then Deutsche Bank is a creditor and not a debt collector, and not subject

to the FDCPA.

(1:07 CV 2739)

However, another affidavit from Howard Handville submitted by Deutsche Bank avers that Duetsche Bank acquired Lisa Bridge's loan "effective May 2002." ECF 233-1.[7]  With respect to the May 2002 date as the date Deutsche acquired Lisa Bridge's loan, there is a dispute between the parties as to whether Lisa Bridge was actually in default of her May 2002 note payment.  Lisa Bridge claims the she was not in default of her May payment because she made two payments in April, one of which should have been credited to May payment.

Lisa Bridge alleges that in her third amended complaint that defendants considered her to be in default of her May 2002 payment, which was due (but not overdue) on May 1, 2002, having credited her for only one, not two, payments in April 2002.  The undisputed transaction history reflects that Lisa Bridge was credited for only one payment in April 2002 and no payment was made in May.  *See* ECF 273-5; *see also* ECF 100-3 and 205-1.

Construing the disputed facts in a light most favorable to the plaintiffs for purposes of summary judgment analysis, if Duetsche Bank acquired Lisa Bridge's loan on or about May 3, 2002, and defendants considered her to be in default of her May 2002 payment, then Deutsche Bank is a debt collector subject to the provisions of the FDCPA.   The Court will next analyze whether there is a genuine issue of disputed fact as to whether Deutsche Bank violated the FDCPA.

In her third amended complaint, Lisa Bridge alleges that defendants violated the FDCPA in the following ways:

---

[7]     *See also* the affidavit of Gina Johnson states that Duetsche Bank acquired Lisa Bridge's loan "on or about May 3, 2002."  ECF 208-11.

(1:07 CV 2739)

a) Making false, deceptive and misleading representations concerning Deutsche Bank's standing to foreclose on Lisa Bridge's mortgage;

b) Falsely representing the status of Lisa Bridge's debt, in particular that it was in default when in fact it was not;

c) Falsely representing that the debt was owing to Deutsche Bank; and

d) Threatening to take collection and foreclosure action could not be legally taken.

In support of their motion for summary judgment, defendants have placed into evidence the transaction history of Lisa Bridge's note payments.  In response to defendants' summary judgment motion, plaintiffs have not come forward with any evidence that disputes this transaction history.

According to the transaction history, Lisa Bridge made only 1 payment in April 2002 and no payment in May 2002.   In that case, Lisa Bridge was actually in default of her note in May 2002.

Setting aside the parties's dispute regarding the April/May 2002 payment, and assuming that Lisa Bridge was not in default of her May 2002 payment, defendants are still entitled to summary judgment as to Lisa Bridge's FDCPA claim based on the undisputed record before the Court.  The undisputed transaction history reflects that Lisa Bridge was chronically late with her mortgage payments.  The loan payments were due the first of each month.  After her April payment(s), the payment history reflects that the next payment was made June 11, 2002.  The transaction history further reflects that, with few exceptions, Lisa Bridge's monthly mortgage payments were late and late charges were assessed.  ECF 273-5.  A late payment was a default under the terms of the note and mortgage.

17

(1:07 CV 2739)

The FDCPA prohibits abusive, deceptive and unfair debt collection practices by debt collectors.  15 U.S.C. § 1692.  Lisa Bridge alleges that the defendants violated sections c (debt collection communications), d (harassment or abuse), e (false or misleading representations) and f (unfair practices) of 15 U.S.C. § 1692.  However, Lisa Bridge has not come forward with any evidence in response to defendants' summary judgment motion that disputes the accuracy of her loan payment transaction history or that she was almost in continuously default due to late note payments from June 2002 until she stopped paying altogether when this lawsuit was filed, or that defendants were legally entitled to collect the debt.  Lastly, Lisa Bridge has not advanced any evidence in response to defendants' motion for summary judgment that creates a genuine fact dispute as to whether the defendants' efforts to collect the debt were false and misleading, unfair, harassing, abusive, or otherwise violated the FDCPA.

The undisputed evidence before the Court is that Lisa Bridge was almost continuously in default of her note and mortgage and that defendants were legally entitled to collect the debt.  In responding to a motion for summary judgment, the non-moving party may not rest on their pleadings, but must come forward with affidavits or evidence that raises a genuine issue of fact regarding whether defendants' collection efforts were false, misleading, abusive, or otherwise violated the FDCPA. Plaintiffs have not done so, and defendants are entitled to judgment as a matter of law on Lisa Bridge's FDCPA claim.

18

(1:07 CV 2739)

B.      Count III - Ohio Consumer Sales Practices Act

In count III of the third amended complaint, plaintiffs allege that defendants violated Ohio's Consumer Sales Practices Act, Chapter 1345 of the Ohio Revised Code (OCSPA). As a consequence of the Court's previous rulings, plaintiffs' claims under the OCSPA are limited to violations occurring on or after May 31, 2010.

Defendants are entitled to judgment as a matter of law on count III of plaintiffs' third amended complaint for a number of reasons. First, count III is limited to violations occurring on or after May 31, 2010. Plaintiffs have not advanced any evidence in response to defendants' motion for summary judgment of any violations occurring after May 31, 2010.

However, even if plaintiffs OCSPA claim were not so limited, defendants would be entitled to judgment as a matter of law. Plaintiffs OSCPA claims flow out of their FDCPA claims, and the Court has concluded that defendants are entitled to judgment as a matter of law on the FDCPA claims.

Even if the defendants were not entitled to judgment on plaintiffs' FDCPA claims, defendants are entitled to judgment on plaintiffs' OCSPA claims for the following reasons. Plaintiffs contend that defendants Ocwen Bank and Deutsche Bank are "suppliers" within the meaning of R.C. § 1345.01(C) and that plaintiffs are "consumers" within the meaning of R.C. § 1345.01(D), and allege that defendants Ocwen and Deutsche violated R.C. § 1345.031, which prohibits certain acts and practices concerning residential mortgages. Paragraphs 53 and 54 of plaintiffs' third amended complaint lists the specific conduct on the part of defendants Ocwen and Deutsche, respectively, that plaintiffs claim violated the OCSPA.

19

(1:07 CV 2739)

R. C. § 1345.02(A) provides that: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." "'Consumer transaction' does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code [Short-term Loan Act] and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers." R. C. 1345.01(A).

1.      Deutsche Bank is entitled to judgment as a matter of law
on Count III of Plaintiffs' Third Amended Complaint

Plaintiffs claim in paragraph 54 of the third amended complaint that Deutsche violated the OCSPA as follows: a) and c) falsely claiming that Lisa Bridge's mortgage debt was owed to Deutsche; b) falsely claiming that Lisa Bridge's mortgage debt was in default; and d) "threatening" to foreclose on Lisa Bridge's mortgage debt when it could not legally do so.[8]

Excluded from consumer transactions covered by the OCSPA are transactions between "financial institutions" and their customers. The definition of a "financial institution" includes national banks. Rev. Code. 5725.01; *Jackson v. Sunnyside Toyota, Inc.*, 175 Ohio App.3d 370, 374 (8th Dist. 2008);

The record is undisputed that Deutsche Bank is a national bank, and plaintiffs have not offered evidence that creates a dispute of fact as to whether Deutsche Bank is not acting within

---

[8]      For reasons set forth *supra*, the Court has concluded it is undisputed that Lisa Bridge was almost continually in default of her note payments and that defendants were legally entitled to collect Lisa Bridge's mortgage debt.

20

(1:07 CV 2739)

its capacity as a financial institution. Accordingly, Deutsche Bank is exempt from the OCSPA and entitled to summary judgment on count III as a matter of law. *See Hammond v. Citibank, N.A.*, 2011 WL 4484416 at * 8 (S.D. Ohio). Even if Deutsche Bank were not exempt, plaintiffs have not advanced any evidence in response to defendants' motion for summary judgment that creates a dispute of fact as to whether defendants engaged in conduct that would constitute a violation of the OCSPA. Defendants are entitled to judgment as a matter of law on count III.

    2.    Ocwen is entitled to judgment as a matter of law
            on Count III of Plaintiffs' Third Amended Complaint

Plaintiffs claim in paragraph 53 of the third amended complaint that Ocwen violated the OSCPA in connection with: a) collecting Lisa Bridge's mortgage debt; b) "threatening" to take action it could not legally take; c) and h) attempting to collect Lisa Bridge's mortgage debt from William Bridge; d) contacting plaintiffs by telephone "continuously" to collect Lisa Bridge's mortgage debt; e) attempting to contact Lisa Bridge after she issued a "do not call" notice; f) falsely claiming that Lisa Bridge was in default; g) falsely claiming that Lisa Bridge's mortgage debt was owed to Ocwen; and i) transacting business in Ohio without registering with the Ohio Secretary of State.

The Ohio Supreme Court recently held that the servicing of a mortgage loan does not constitute a consumer transaction as defined by Rev. Code. 1345.01(A) and that entities that service mortgages are not "suppliers" within the meaning of Rev. Code 1345.01(C). *Anderson v. Barclay's Capital Real Estate, Inc.,* 136 Ohio St.3d 31, 38 (2013). "Transactions between mortgage-service providers are not 'consumer transactions' . . . A financial institution may contract with a mortgage servicer to service the loan, but the mortgage servicer does not transfer

21

(1:07 CV 2739)

a service to the borrower." *Id.* at 35; *see CitiMortgage, Inc. v. Rudzik* 2014 WL 1384596 at *11

(7th Dist. March 31, 2014) (citing *Anderson*, 136 Ohio St.3d at 32); *Alshaibani v. Litton Loan

Servicing*, 528 Fed.Appx. 462, 466 (6th Cir. 2013).  A servicer's involvement in debt collection

is not relevant to the *Anderson* court's analysis and conclusion that servicing a mortgage loan

does not constitute a consumer transaction under the OCSPA.  *Clark v. Lender Processing

Services*, 2014 WL 1408891 (6th Cir. April 14, 2014).

The record is undisputed that Ocwen is the servicer of Lisa Bridge's mortgage loan.

Accordingly, the Court concludes that defendant Ocwen is entitled to judgment as a matter of law

on count III of plaintiffs' third amended complaint.

C.      Count IV - Slander of Lisa Bridge's Credit

In Count IV of their third amended complaint, plaintiffs allege that defendants Deutsche

Bank and Ocwen falsely reported that Lisa Bridge was delinquent on her mortgage to various

credit reporting bureaus.  As a consequence of the Court's previous rulings, plaintiffs' slander of

credit claims are limited to violations occurring on or after May 31, 2010.

The undisputed record reflects that defendant Deutsche Bank did not report on either

plaintiffs credit regarding Lisa Bridge's mortgage debt.  ECF 233-1.  Defendant Deutsche Bank

is entitled to judgment as a matter of law on count IV.

It is also undisputed that defendant Ocwen has not reported on plaintiff William Bridge's

credit, but has reported on Lisa Bridge's credit.  ECF 233-1.  In response to discovery requests,

plaintiffs were unable to identify any incorrect credit reporting by defendants even though

consumers have access to their own credit reports.  ECF 233-9 and ECF 233-10, Interrog. No. 5.

22

(1:07 CV 2739)

Lisa Bridge has not disputed the transaction history advanced by defendants' in support of their motion, and admitted to entirely failing to pay her mortgage debt after she filed this lawsuit in September 2007.  Plaintiffs have not come forward with any evidence in to create a fact dispute that any credit reporting by Ocwen was inaccurate.  Accordingly, the Court concludes that defendants are entitled to judgment as a matter of law on count IV.

D.      Count V - Spoliation of Evidence

        In count V of plaintiffs' third amended complaint, plaintiffs allege that defendants failed to take reasonable steps to protect the integrity of documents, information and evidence, resulting in the intentional and willful destruction of evidence material to count II of plaintiffs' complaint regarding alleged violations of the Telephone Consumer Protection Act (TCPA), count II.  The Court has previously dismissed count II of plaintiffs' third amended complaint.  Plaintiffs have not advanced any evidence of spoliation with respect to any claim in their third amended complaint in response to defendants' motion for summary judgment.  In the absence of any evidence to support their claim that creates a genuine dispute of fact regarding plaintiffs' allegations of spoliation, defendants are entitled to judgment as a matter of law on count V.

E.      Count VI - Loss of Consortium

        There is no evidence advanced by plaintiffs to support their loss of consortium claims. Plaintiffs' interrogatory responses reflect that they intended to dismiss their loss of consortium claim.  *See* Plaintiffs' response to Ocwen's Interrogatory No. 2 and Request for Production No. 11 (ECF 233-10).  No dismissal has been filed.

23

(1:07 CV 2739)

Based on plaintiffs' failure to advance evidence in response to defendants' summary judgment motion that creates a genuine issue of fact regarding loss of consortium, defendants are entitled to judgment as a matter of law on count VI.

F.    Count IX - Civil Conspiracy

The Court has concluded that defendants are entitled to judgment as a matter of law on plaintiffs' claims which form the foundation of their civil conspiracy claim.  Further, plaintiffs have advanced no evidence on summary judgment to create a genuine fact dispute in support of their claim that defendants conspired to trick and defraud plaintiffs into paying Lida Bridge's note originally made to Aames, to Ocwen and Deutsche Bank.

The Court concludes that defendants are entitled to judgment as a matter of law on count IX of plaintiffs' third amended complaint.

CONCLUSION

For the reasons contained herein, defendants' motions for summary judgment on count I of plaintiffs' third amended complaint (ECF 273), and on counts III, IV, V, VI (ECF 233), and count IX (ECF 233 and 273) are GRANTED.


IT IS SO ORDERED.


  May 30, 2014                                          s/David D. Dowd, Jr.
Date                                                    David D. Dowd, Jr.
                                                        U.S. District Judge

24