DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Bridge, et al., | ) | |
| | ) | CASE NO. 1:07 CV 2739 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Ocwen Federal Bank, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Court previously granted defendant Deutsche Bank's motion for summary judgment on its foreclosure counterclaims, and third party complaint related to the foreclosure counterclaims, and issued a Rule 54(b) partial final judgment entry and decree of foreclosure. ECF 227 and 228. The Court appointed a Master Commissioner to conduct the sale of the property subject to the foreclosure decree.

Lisa Bridge appealed the Court's Rule 54(b) partial final judgment entry, Sixth Circuit Case No. 13-4226. ECF 251. However, Lisa Bridge moved the Sixth Circuit Court of Appeals to hold the appeal in abeyance pending a decision by the Ohio Supreme Court in *Citimortgage, Inc. v. Roznowski*, – N.E.3d – (2014), 2014 WL 1924774, which she argued would be dispositive of her position that this Court's Partial Final Judgment Entry and Decree of Foreclosure is not a final appealable order. Sixth Circuit Case No. 13-4226, Doc. 27. The Ohio Supreme Court's recent decision in *Roznowski* held that a judgment decree in foreclosure that does not include a specific itemization of amounts of recoverable damages is a final appealable order. Subsequently, the Sixth Circuit denied as moot appellant's motion to hold the appeal in abeyance

(1:07 CV 2739)

pending a decision in *Roznowski*, and established a briefing schedule. Sixth Circuit Case No. 13-4226, Docs. 32 and 33.

Plaintiffs had also filed a motion in this Court to stay proceedings related to the sale of the subject property pending the Ohio Supreme Court's decision in *Roznowski*, or alternatively to vacate the Order of Sale on the basis that this Court's Partial Final Judgment Entry and Decree of Foreclosure is not a final appealable order. ECF 291. Plaintiffs' motion is DENIED.

Now pending before this Court on a post-judgment basis are several motions related to the appraisal and sale of Lisa Bridge's property, including a motion confirm the sale and a motion to vacate the sale of the subject property. Lisa Bridge's appeal of this Court's final partial judgment and decree of foreclosure is also pending before the Sixth Circuit.

If Lisa Bridge desires to seek a stay of this Court's rulings on the motions related to the appraisal and sale of Lisa Bridge's property pending the Sixth Circuit's ruling on Lisa Bridge's appeal, she may file a motion pursuant to Rule 62 requesting a stay with bond no later than June 16, 2014 by 12:00 noon. If Lisa Bridge requests a Rule 62 stay with bond pending appeal, then defendant Deutsche Bank shall inform the Court by the close of business on June 20, 2014 the amount of bond that Deutsche Bank considers to be an appropriate amount to obtain a stay. No extensions of either deadline will be granted.

IT IS SO ORDERED.

 June 4, 2014         *s/David D. Dowd, Jr.*
Date             David D. Dowd, Jr.
               U.S. District Judge